LSK&D #: 564-7015 / 953094
UNITED DISTRICT COURT OF NEW YORK
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOHN MAGEE,

        Plaintiff, Counterclaim Defendant,

    -against-

METROPOLITAN LIFE INSURANCE
COMPANY,

        Defendant, Counterclaim Plaintiff.
-----------------------------------------------------------------x

No. 07 CIV 8816 (WHP)

**ANSWER AND COUNTERCLAIM**

Defendant Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, Lester Schwab Katz & Dwyer, LLP, as its answer to the Complaint, states as follows:

## THE PARTIES

1. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

2. Admits the allegations contained in paragraph "2" of the Complaint, except denies that its principal place of business is at One Madison Avenue, New York, New York.

## JURISDICTION AND VENUE

3. Admits the allegations contained in paragraph "3" of the Complaint.

4. Admits the allegations contained in paragraph "4" of the Complaint.

5. Admits the allegations contained in paragraph "5" of the Complaint.

## FACTS

6. Denies the allegations contained in paragraph "6" of the Complaint, except admits that, at certain times, plaintiff was an employee of Eastman Kodak Company ("Kodak").

7. Denies the allegations contained in paragraph "7" of the Complaint, and further states that the Kodak Long Term Disability ("LTD") Plan (the "Plan") is self-funded.

8. Denies the allegations contained in paragraph "8" of the Complaint.

9. Denies the allegations contained in paragraph "9" of the Complaint.

10. Denies the allegations contained in paragraph "10" of the Complaint, except admits that, at certain times, plaintiff was a participant in the Plan which provides LTD benefits to eligible participants.

11. Denies the allegations contained in paragraph "11" of the Complaint, except admits that in December 2003 plaintiff claimed to be disabled and stopped working.

12. Admits the allegations contained in paragraph "12" of the Complaint.

13. Denies the allegations contained in paragraph "13" of the Complaint.

14. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

16. Denies the allegations contained in paragraph "16" of the Complaint, except admits that plaintiff filed a claim for LTD benefits.

17. Denies the allegations contained in paragraph "17" of the Complaint.

18. Denies the allegations contained in paragraph "18" of the Complaint, except admits that MetLife approved plaintiff's LTD claim initially and paid LTD benefits to plaintiff from September 20, 2004 through August 31, 2006.

19. Denies the allegations contained in paragraph "19" of the Complaint, except admits that plaintiff's receipt of Social Security Disability benefits is an offset to LTD benefits under the terms of the Plan.

20. Denies the allegations contained in paragraph "20" of the Complaint, except admits that, effective September 1, 2006, MetLife determined that plaintiff was no longer eligible for LTD benefits under the terms of the Plan.

21. Denies the allegations contained in paragraph "21" of the Complaint.

22. Denies the allegations contained in paragraph "22" of the Complaint.

23. Denies the allegations contained in paragraph "23" of the Complaint.

24. Denies the allegations contained in paragraph "24" of the Complaint.

25. Denies the allegations contained in paragraph "25" of the Complaint.

26. Denies the allegations contained in paragraph "26" of the Complaint.

27. Denies the allegations contained in paragraph "27" of the Complaint.

28. Admits the allegations contained in paragraph "28" of the Complaint.

29. Denies the allegations contained in paragraph "29" of the Complaint.

30. Denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

31.     Plaintiff's claims should be dismissed because MetLife did not act arbitrarily and capriciously in administering plaintiff's claim for LTD benefits under the Plan, but rather acted reasonably on the basis of substantial evidence in the administrative record.

32.     MetLife administered plaintiff's claim in accordance with the instruments and documents governing the Plan and in the interest of all participants and beneficiaries.

33.     Plaintiff's remedies for alleged acts or omissions by MetLife are limited solely to those afforded by the Employee Retirement Income Security Act of 1974 ("ERISA").

34.     If plaintiff is entitled to any disability benefits (which MetLife denies), such benefits are subject to reduction due to plaintiff's receipt of other income benefits, including, but not limited to, Social Security Disability Benefits, under the terms of the Plan.

**WHEREFORE**, having answered the Complaint, MetLife prays that judgment be entered dismissing the Complaint, and awarding MetLife its attorneys' fees, costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM

Defendant/Counterclaim Plaintiff MetLife, for its Counterclaim against Plaintiff/Counterclaim Defendant, John Magee, alleges as follows:

## PARTIES AND JURISDICTION

1A.    MetLife is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York, New York.

2A.    MetLife is the claims fiduciary for the Eastman Kodak Co. ("Kodak") Long Term Disability Plan (the "Plan"), an employee welfare benefit plan governed by ERISA.

3A.    Upon information and belief, Magee is a citizen of the State of New York.

4A.    This Court has original jurisdiction of this counterclaim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) in that it is a compulsory counterclaim pursuant to 29 U.S.C. § 1132(a)(3) to recover an overpayment of disability benefits paid to Magee under the Plan.

5A.    Alternatively, to the extent ERISA does not govern this counterclaim, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that this a compulsory counterclaim for unjust enrichment to recover excess LTD benefits paid to Magee.

## FACTUAL BACKGROUND

6A.    Magee, a former employee of Kodak, was a participant in the Plan.

7A.    The Plan provided LTD benefits to eligible participants who are disabled under the terms of the Plan.

8A.    Claims for LTD benefits are administered by MetLife, a Plan fiduciary.

9A.    The Plan provides that LTD benefits are reduced by the amount of other income benefits including, but not limited to, Social Security Disability Income ("SSDI") benefits, to which a participant and his dependents are entitled for the same period of the participant's disability.

10A. Magee claimed benefits for a period of disability commencing on or about December 2003.

11A. Magee received LTD benefits commencing on September 20, 2004 in the amount of $5,022.50 per month.

12A. Magee's LTD benefits ended effective September 1, 2006.

13A. On or about March 15, 2006, Magee was approved for primary SSDI benefits of $1,868.00 per month and dependent SSDI benefits of $934.00 per month commencing June 2004.

14A. Magee's retroactive receipt of primary and dependent SSDI benefits for the same period during which he received LTD benefits resulted in an overpayment of LTD benefits of $51,886.27.

15A. To date, Magee has repaid the sum of $35,055.06, leaving an overpayment balance of $16,831.21 (the "Benefits Overpayment") which remains due and owing.

### FIRST CAUSE OF ACTION (EQUITABLE RELIEF UNDER 29 U.S.C. § 1132(A)(3))

16A. MetLife repeats and realleges the allegations in paragraphs "1A" through "15A" of this counterclaim.

17A. Magee received and retains $16,831.21 in LTD benefits to which he was not entitled under the terms of the Plan.

18A. Magee has been unjustly enriched by his retention of the Benefits Overpayment.

19A. A constructive trust should be imposed on the Benefits Overpayment retained by Magee and which rightfully belongs to the Plan.

20A.  Pursuant to 29 U.S.C. § 1132(a)(3), MetLife, on behalf of the Plan, is entitled to recover the Benefits Overpayment plus applicable interest.

## SECOND CAUSE OF ACTION (UNJUST ENRICHMENT)

21A.  MetLife hereby repeats and realleges the allegations in paragraphs "1A" through "20A" of this counterclaim.

22A.  Magee received and retains LTD benefits to which he was not entitled under the terms of the Plan.

23A.  Magee has been unjustly enriched by his retention of the Benefits Overpayment.

24A.  It would be inequitable for Magee to retain the Benefits Overpayment.

25A.  MetLife has no adequate remedy at law.

26A.  MetLife, on behalf of the Plan, is entitled to recover the Benefits Overpayment plus applicable interest.

**WHEREFORE**, Counterclaim-Plaintiff MetLife demands judgment against Counterclaim-Defendant Magee in the amount of $16,831.21, plus applicable interest, together with its attorneys' fees, and the costs and disbursements of this action, and

such other and further relief as this Court deems just and proper.

Dated:     New York, New York
           December 18, 2007

>                              Respectfully submitted,
>
>                              LESTER SCHWAB KATZ & DWYER, LLP
>
>                              _____
>                              Allan M. Marcus (AM-9027)
>                              120 Broadway
>                              New York, New York  10271
>                              (212) 341-4241
>                              Attorneys for Defendant
>                              METROPOLITAN LIFE INSURANCE COMPANY

TO:

Jason Newfield, Esq.
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue
Garden City, NY 11530
Attorneys for Plaintiff