LESTER SCHWAB KATZ & DWYER, LLP
120 BROADWAY
NEW YORK, N.Y. 10271-0071

(212) 964-6611
FAX: (212) 267-5916

ALLAN M. MARCUS
Writer's Direct Dial: (212) 341-4241
E-Mail: amarcus@lskdnylaw.com

NEW JERSEY OFFICE
24 LACKAWANNA PLAZA
MILLBURN, N.J. 07041
(973) 912-9501

June 11, 2008

Via Federal Express – 8616 6431 9464

Hon. William H. Pauley, III
United States District Court
United States District
500 Pearl Street
New York, NY 10007

Re: <u>Magee v. Metropolitan Life Insurance Company</u>
    No.    07 CIV 8816 (WHP)

Dear Judge Pauley:

*[Handwritten endorsement: Application granted. This Court will hold a pre-motion conference on July 10, 2008 at 11:30am. /s/ William H. Pauley III U.S.D.J. 6/26/2008]*

My firm represents defendant Metropolitan Life Insurance Company ("MetLife") in the referenced matter. I write, pursuant to Your Honor's Individual Practices, to request a pre-motion conference. MetLife seeks permission to file a Motion for Summary Judgment.

## FACTUAL BACKGROUND

Plaintiff John Magee commenced this action to recover long-term disability ("LTD") benefits under the Kodak LTD Plan (the "Plan"). The Plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. MetLife is the Plan's claims administrator under an Administrative Services Agreement ("ASA") with Kodak. MetLife does not, however, insure Plan benefits. MetLife is the Plan's "Named ERISA Claims Review Fiduciary," possessing discretionary authority to determine eligibility for benefits.

The Plan defines "Disabled," in pertinent part, as follows: "As a result of your condition, you are totally and continually unable to engage in gainful work .... ." "Gainful work" is defined as "paid employment for which you are (or you become) reasonably qualified by education, training or experience, as determined by MetLife." The Plan also provides that LTD benefits are reduced by benefits the claimant receives from certain sources, including Social Security Disability Income ("SSDI") benefits."

Magee worked as a "Program Assurance Manager" for Kodak. He has a B.S. in mechanical engineering. His job was sedentary in nature. Magee applied and was approved for LTD benefits effective September 2004 on the basis of diagnoses of chronic fatigue syndrome

LESTER SCHWAB KATZ & DWYER, LLP

June 11, 2008
Page 2

("CFS") and depression. Magee signed an agreement to reimburse the Plan if he received SSDI benefits; in return, Magee received his full LTD benefits without offsets.

In the course of its continuing review of Magee's claim, MetLife had the file evaluated by two independent physician consultants ("IPC"), Dr. Hopkins (internist) and Dr. Goseline (psychiatrist). Dr. Hopkins opined that Magee's diagnosis was unsubstantiated; she found that the medical evidence did not support a disabling functional impairment. Dr. Goseline opined that Magee was disabled due to depression. MetLife approved Magee's claim through mid-2006.

In April 2006, Magee was awarded SSDI benefits, thereby generating an overpayment of LTD benefits.

In May 2006, MetLife had the file evaluated by IPC Dr. Payne, a rheumatologist and internist, who found no objective medical evidence to support disability or the symptomology that Magee reported. Magee's treating physician, Dr. Bell (pediatrics) submitted reports opining that Magee was unable to work due to CFS but discounting depression as the cause of disability.

Based on the medical information in the file, MetLife determined that Magee was no longer entitled to LTD benefits effective August 2006.

In December 2006, Magee appealed. MetLife had the file evaluated by IPC Dr. Maslow (infectious diseases) who disputed Dr. Bell's diagnosis of CFS and found no objective evidence supporting reported symptoms of muscle and joint pain or cognitive dysfunction. Dr. Maslow's report was sent to Dr. Bell, who reaffirmed his opinion that Magee was disabled by CFS. MetLife upheld its decision to terminate Magee's LTD benefits on the basis of insufficient medical evidence to support a continuing disabling functional impairment.

MetLife notified Magee that he still owed an overpayment of nearly $17,000 due to his receipt of retroactive SSDI benefits.

## LEGAL BASIS FOR SUMMARY JUDGMENT MOTION

The United States Supreme Court has held that, where an employee benefit plan "gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the Plan," a denial of benefits under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), is to be reviewed by a court under the deferential arbitrary and capricious standard. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). The Second Circuit has consistently applied this rule in ERISA-governed cases. See, e.g., Pagan v. NYNEX Pension Plan, 52 F.3d 438, 441 (2d Cir. 1995) ("where the written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, we will not disturb the administrator's ultimate conclusion, unless it is 'arbitrary and capricious'"); Pulvers v. First Union Life Ins. Co., 210 F.3d 89, 92 (2d Cir. 2000) (holding that where plan grants

LESTER SCHWAB KATZ & DWYER, LLP

June 11, 2008
Page 3

discretionary authority to administrator, its decision can only be overturned if "without reason, unsupported by substantial evidence, or erroneous as a matter of law") (citation omitted). Under the arbitrary and capricious standard, the court's scope of review is narrow and highly deferential. See Peterson v. Continental Co., 282 F.3d 112, 117 (2d Cir. 2002); Jordan v. Retirement Comm. of Rensselaer Polytech. Instit., 46 F.3d 1264, 1271 (2d Cir. 1995). In reviewing an administrator's claim decision, a court is not free to "substitute [its] own judgment for that of the [administrator] as if [it] were considering the issue of eligibility anew." Pagan, 52 F.3d at 442. While the court is required to consider whether the administrator's "decision was based on a consideration of the relevant factors, and whether there has been a clear error of judgment," it may not "upset a reasonable interpretation by the administrator." Zuckerbrod v. Phoenix Mut. Life Ins. Co., 78 F.3d 46, 49 (2d Cir. 1996) (citation omitted).

MetLife's claim determination was reasonable and based on substantial evidence including: (1) reports by two IPCs who each opined that Magee was not functionally impaired so as to preclude working; (2) lack of objective medical evidence to support functional impairment or Magee's reported symptoms; and (3) treating physician's discounting depression as cause of disability. Although Magee's physician found him to be disabled due to CFS, MetLife was "not obliged to accord special deference to the opinions of treating physicians." Blank & Decker v. Nord., 528 U.S. 822, 834 (2003). Numerous courts have held that it is not unreasonable for claims administrators to rely on the opinions of independent medical reviewers. See, e.g., Barnhardt v. UNUM Life Ins. Co., 179 F.3d 583, 589 (8th Cir. 1999) ("UNUM acted prudently on behalf of all beneficiaries by not accepting at face value the medical evidence as submitted by Barnhardt."); Scannell v. Metropolitan Life Ins. Co., No. 03 Civ 990, 2003 WL 22722954, at *5 (S.D.N.Y. Nov. 18, 2003) (holding that it was not arbitrary and capricious to rely on opinions of independent medical reviewers). Therefore, under the arbitrary and capricious standard, MetLife's decision should be upheld by the Court and summary judgment should be granted in its favor.

Pursuant to the terms of the Plan, MetLife is also entitled to summary judgment on its counter-claim for reimbursement of the LTD benefits overpayment generated by Magee's receipt of SSDI benefits.

Respectfully yours,

ALLAN M. MARCUS
Of Counsel

AMM:imr

LESTER SCHWAB KATZ & DWYER, LLP

June 11, 2008
Page 4

cc:

Via Federal Express – 8616 6431 9475

Jason Newfield, Esq.
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue
Garden City, NY 11530
Attorneys for Plaintiff
1031768