# Social Security Administration
# **Retirement, Survivors and Disability Insurance**
## Important Information

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date: May 27, 2006
Claim Number: 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HC1

001121 MCSM77 NI  0.980
JEAN OWEN
ATTY FOR FAMILY OF J
MAGEE
5700 BROADMOOR ST
STE 310
MISSION, KS 66202-2412

Enclosed is a copy of a letter we sent to JOHN MAGEE JR.

**If You Have Any Questions**

We invite you to visit our website at www.socialsecurity.gov on the Internet to find general information about Social Security. If you have any specific questions, call us toll-free at 1-800-772-1213. We can answer most questions over the phone. If you prefer to visit one of our offices, please check the local telephone directory for the office nearest you. Or call us and we can give you the office address. Please have this letter with you if you call or visit an office. It will help us answer your questions.

Jo Anne B. Barnhart
Commissioner
of Social Security

C

RECEIVED

MAY 3 0 2006

OCCUDATA, INC.

ML0240

Financial Index for #640407128904

# Social Security Administration
## Retirement, Survivors and Disability Insurance
Notice of Award

RECEIVED

MAY 3 0 2006

OCCUDATA, INC.

JOHN MAGEE JR FOR
ELLIE RENEE MAGEE
71 ONTARIO ST
HONEOYE FALLS, NY 14472

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date: May 27, 2006
Claim Number: 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HC2

ELLIE R MAGEE is entitled to monthly child's benefits beginning June 2004.

We have chosen you to be her representative payee. Therefore, you will receive her checks and use the money for her needs.

## What We Will Pay And When

- You will receive $2,792.50 around June 2, 2006.

- This is the money ELLIE is due for June 2004 through April 2006.

- ELLIE R MAGEE's next payment of $166.00, which is for May 2006, will be received on or about the second Wednesday of June 2006.

- After that you will receive $166.00 on or about the second Wednesday of each month.

- These and any future payments will go to the financial institution you selected. Please let us know if you change your mailing address, so we can send you letters directly.

- Later in this letter, we will show you how we figured these amounts.

The day we make payments on this record is based on JOHN C MAGEE JR's date of birth.

## Your Benefits

We raised her monthly benefit amount beginning December 2004 and again in December 2005 because the cost of living increased.

See Next Page

ML0241

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HC2                                                      Page 2 of 5

## Work And Earnings Affect Payments

The monthly earnings test applies only to 1 year. That year is the first year a beneficiary has a non-work month after entitlement to Social Security benefits. Our records show that ELLIE had or will have at least one non-work month in 2004. If she ever goes to work, we will pay benefits for each year based on her work and earnings for that year.

## Health Insurance For Children

If this notice is for a child under age 19 who is not covered by health insurance, there is a Children's Health Insurance Program that may help. To find out more, you can look on the Internet at www.insurekidsnow.gov or call, toll free, 1-877-KIDS-NOW (1-877-543-7669). The number connects you to your state program.

## Information About Representative's Fees

When a representative wants to charge for helping with a Social Security claim, we must first approve the fee. We usually withhold 25 percent of past due benefits in order to pay the approved representative's fee.

Because a representative helped with this claim, we withheld $875.50 from her first check.

If the representative wants to charge a fee, a request to have it approved should be sent as soon as all work for ELLIE is finished. If the representative will not charge a fee, a statement saying so, signed and dated by the representative, should be sent to us instead.

When the amount of the fee is decided, we will pay the representative from the benefits we withheld.

If the approved fee is more than the money we have withheld, the Social Security Administration is not involved in paying the rest of the fee.

If the approved fee is less than the money we have withheld, we will send ELLIE the rest of the money.

Any request for fee approval should be sent to:

> Office of Disability and
> International Operations
> 1500 Woodlawn Drive
> BALTIMORE, MARYLAND 21241-1500

## Other Social Security Benefits

The benefit described in this letter is the only one she can receive from Social Security. If you think that she might qualify for another kind of Social Security benefit in the future, you will have to file another application.

ML0242

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HC2                                    Page 3 of 5

### Your Responsibilities

ELLIE's benefits are based on the information you gave us. If this information changes, it could affect her benefits. For this reason, it is important that you report changes to us right away.

We have enclosed a pamphlet, "When You Get Social Security or Survivors Benefits...What You Need to Know". It tells you what must be reported and how to report. Please be sure to read that part of the pamphlet which explains how work could change payments.

As a representative payee, you have additional responsibilities. They are discussed in the enclosed pamphlet, "A Guide for Representative Payees."

### Other Information

We are sending a copy of this notice to JEAN OWEN.

### Do You Disagree With The Decision?

If you disagree with this decision, you have the right to appeal. We will review your case and consider any new facts you have. A person who did not make the first decision will decide ELLIE's case. We will correct any mistakes. We will review those parts of the decision which you believe are wrong and will look at any new facts you have. We may also review those parts which you believe are correct and may make them unfavorable or less favorable to her.

- You have 60 days to ask for an appeal.

- The 60 days start the day after you get this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

- You must have a good reason for waiting more than 60 days to ask for an appeal.

- You have to ask for an appeal in writing. We will ask you to sign a Form SSA-561-U2, called "Request for Reconsideration". Contact one of our offices if you want help.

Please read the enclosed pamphlet, "Your Right to Question the Decision Made on Your Social Security Claim". It contains more information about the appeal.

ML0243

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HC2                                      Page  4 of  5

**If You Have Any Questions**

We invite you to visit our website at www.socialsecurity.gov on the Internet to
find general information about Social Security.  If you have any specific
questions, you may call us toll-free at 1-800-772-1213, or call your local Social
Security office at 1-585-232-3890.  We can answer most questions over the
phone.  If you are deaf or hard of hearing, you may call our TTY number,
1-800-325-0778.  You can also write or visit any Social Security office.  The office
that serves your area is located at:

>           SOCIAL SECURITY
>           ROOM 500
>           100 STATE ST
>           ROCHESTER, NY 14614

If you do call or visit an office, please have this letter with you.  It will help us
answer your questions.  Also, if you plan to visit an office, you may call ahead to
make an appointment.  This will help us serve you more quickly when you arrive
at the office.

*Jo Anne B. Barnhart*

Jo Anne B. Barnhart
Commissioner
of Social Security

ML0244

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HC2                                        Page 5 of 5

# PAYMENT SUMMARY

**ELLIE's Payment Of $2,792.50**

Here is how we figured ELLIE's
first payment:

> Benefits due for June 2004
> through April 2006
> including any cost of living increase,
> less monthly rounding of benefits ........................$ 3,668.00
>
> Amount we subtracted because of
>
> - money to pay
>   ELLIE's representative ........................ 875.50

This equals the amount of
ELLIE's first payment ...................................$ 2,792.50

**ELLIE's Regular Monthly Payment**

Here is how we figured ELLIE's
regular monthly payment effective May 2006:

> She is entitled to a monthly benefit of ....................$   166.40
>
> Amount we subtracted because of
>
> - rounding (we must round down to
>   a whole dollar) ................................   .40

This equals the amount of
ELLIE's regular monthly payment ........................$   166.00

ML0245

# Social Security Administration
# Retirement, Survivors and Disability Insurance
Important Information

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date: May 27, 2006
Claim Number: 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HC2

001122 MCSM77 N1  0.980
JEAN OWEN
ATTY FOR FAMILY OF J
MAGEE
5700 BROADMOOR ST
STE 310
MISSION, KS 66202-2412

Enclosed is a copy of a letter we sent to JOHN MAGEE JR.

**If You Have Any Questions**

We invite you to visit our website at www.socialsecurity.gov on the Internet to
find general information about Social Security. If you have any specific
questions, call us toll-free at 1-800-772-1213. We can answer most questions
over the phone. If you prefer to visit one of our offices, please check the local
telephone directory for the office nearest you. Or call us and we can give you the
office address. Please have this letter with you if you call or visit an office. It
will help us answer your questions.

Jo Anne B. Barnhart
Commissioner
of Social Security

C

RECEIVED
MAY 3 0 2006
OCCUDATA, INC.

ML0246

# Social Security Administration
Financial Index for 640407128904

# Retirement, Survivors and Disability Insurance

Notice of Award

RECEIVED

MAY 3 0 2006

OCCUDATA, INC.

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date:  May 27, 2006
Claim Number:  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HC3

JOHN MAGEE JR FOR
ROBERT PATRICK MAGEE
71 ONTARIO ST
HONEOYE FALLS, NY 14472

ROBERT P MAGEE is entitled to monthly child's benefits beginning June 2004.

We have chosen you to be his representative payee.  Therefore, you will receive his checks and use the money for his needs.

**What We Will Pay And When**

- You will receive $2,792.50 around June 2, 2006.

- This is the money ROBERT is due for June 2004 through April 2006.

- ROBERT P MAGEE's next payment of $166.00, which is for May 2006, will be received on or about the second Wednesday of June 2006.

- After that you will receive $166.00 on or about the second Wednesday of each month.

- These and any future payments will go to the financial institution you selected.  Please let us know if you change your mailing address, so we can send you letters directly.

- Later in this letter, we will show you how we figured these amounts.

The day we make payments on this record is based on JOHN C MAGEE JR's date of birth.

**Your Benefits**

We raised his monthly benefit amount beginning December 2004 and again in December 2005 because the cost of living increased.

See Next Page

ML0247

## Work And Earnings Affect Payments

The monthly earnings test applies only to 1 year. That year is the first year a beneficiary has a non-work month after entitlement to Social Security benefits. Our records show that ROBERT had or will have at least one non-work month in 2004. If he ever goes to work, we will pay benefits for each year based on his work and earnings for that year.

## Health Insurance For Children

If this notice is for a child under age 19 who is not covered by health insurance, there is a Children's Health Insurance Program that may help. To find out more, you can look on the Internet at www.insurekidsnow.gov or call, toll free, 1-877-KIDS-NOW (1-877-543-7669). The number connects you to your state program.

## Information About Representative's Fees

When a representative wants to charge for helping with a Social Security claim, we must first approve the fee. We usually withhold 25 percent of past due benefits in order to pay the approved representative's fee.

Because a representative helped with this claim, we withheld $875.50 from his first check.

If the representative wants to charge a fee, a request to have it approved should be sent as soon as all work for ROBERT is finished. If the representative will not charge a fee, a statement saying so, signed and dated by the representative, should be sent to us instead.

When the amount of the fee is decided, we will pay the representative from the benefits we withheld.

If the approved fee is more than the money we have withheld, the Social Security Administration is not involved in paying the rest of the fee.

If the approved fee is less than the money we have withheld, we will send ROBERT the rest of the money.

Any request for fee approval should be sent to:

> Office of Disability and
> International Operations
> 1500 Woodlawn Drive
> BALTIMORE, MARYLAND 21241-1500

## Other Social Security Benefits

The benefit described in this letter is the only one he can receive from Social Security. If you think that he might qualify for another kind of Social Security benefit in the future, you will have to file another application.

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HC3                                               Page 3 of 5

## Your Responsibilities

ROBERT's benefits are based on the information you gave us. If this information changes, it could affect his benefits. For this reason, it is important that you report changes to us right away.

We have enclosed a pamphlet, "When You Get Social Security or Survivors Benefits...What You Need to Know". It tells you what must be reported and how to report. Please be sure to read that part of the pamphlet which explains how work could change payments.

As a representative payee, you have additional responsibilities. They are discussed in the enclosed pamphlet, "A Guide for Representative Payees."

## Other Information

We are sending a copy of this notice to JEAN OWEN.

## Do You Disagree With The Decision?

If you disagree with this decision, you have the right to appeal. We will review your case and consider any new facts you have. A person who did not make the first decision will decide ROBERT's case. We will correct any mistakes. We will review those parts of the decision which you believe are wrong and will look at any new facts you have. We may also review those parts which you believe are correct and may make them unfavorable or less favorable to him.

- You have 60 days to ask for an appeal.

- The 60 days start the day after you get this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

- You must have a good reason for waiting more than 60 days to ask for an appeal.

- You have to ask for an appeal in writing. We will ask you to sign a Form SSA-561-U2, called "Request for Reconsideration". Contact one of our offices if you want help.

Please read the enclosed pamphlet, "Your Right to Question the Decision Made on Your Social Security Claim". It contains more information about the appeal.

ML0249

**If You Have Any Questions**

We invite you to visit our website at www.socialsecurity.gov on the Internet to find general information about Social Security. If you have any specific questions, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at 1-585-232-3890. We can answer most questions over the phone. If you are deaf or hard of hearing, you may call our TTY number, 1-800-325-0778. You can also write or visit any Social Security office. The office that serves your area is located at:

>               SOCIAL SECURITY
>               ROOM 500
>               100 STATE ST
>               ROCHESTER, NY 14614

If you do call or visit an office, please have this letter with you. It will help us answer your questions. Also, if you plan to visit an office, you may call ahead to make an appointment. This will help us serve you more quickly when you arrive at the office.

Jo Anne B. Barnhart
Commissioner
of Social Security

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HC3

# PAYMENT SUMMARY

**ROBERT's Payment Of $2,792.50**

Here is how we figured ROBERT's
first payment:

> Benefits due for June 2004
> through April 2006
> including any cost of living increase,
> less monthly rounding of benefits  . . . . . . . . . . . . . . . . . . . . . . . .$ 3,668.00

> Amount we subtracted because of

> - money to pay
>   ROBERT's representative  . . . . . . . . . . . . . . . . . . . . .   875.50

This equals the amount of
ROBERT's first payment  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 2,792.50

**ROBERT's Regular Monthly Payment**

Here is how we figured ROBERT's
regular monthly payment effective May 2006:

> He is entitled to a monthly benefit of  . . . . . . . . . . . . . . . . . . . . .$   166.40

> Amount we subtracted because of

> - rounding (we must round down to
>   a whole dollar)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   .40

This equals the amount of
ROBERT's regular monthly payment  . . . . . . . . . . . . . . . . . . . . .$   166.00

ML0251

# Social Security Administration
# Retirement, Survivors and Disability Insurance
## Important Information

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date:  May 27, 2006
Claim Number:  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HC3

001123 MCSM77 N1  0.980
JEAN OWEN
ATTY FOR FAMILY OF J
MAGEE
5700 BROADMOOR ST
STE 310
MISSION, KS 66202-2412

Enclosed is a copy of a letter we sent to JOHN MAGEE JR.

**If You Have Any Questions**

We invite you to visit our website at www.socialsecurity.gov on the Internet to
find general information about Social Security.  If you have any specific
questions, call us toll-free at 1-800-772-1213.  We can answer most questions
over the phone.  If you prefer to visit one of our offices, please check the local
telephone directory for the office nearest you.  Or call us and we can give you the
office address.  Please have this letter with you if you call or visit an office.  It
will help us answer your questions.

Jo Anne B. Barnhart
Commissioner
of Social Security

C

RECEIVED

MAY 3 0 2006

OCCUDATA, INC.

ML0252

Financial Index for 640407128904

# Social Security Administration
# Retirement, Survivors and Disability Insurance

Notice of Award

RECEIVED

MAY 3 0 2006

OCCUDATA, INC.

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date: May 27, 2006
Claim Number: 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HC5

JOHN H MAGEE
71 ONTARIO ST
HOMEOYE FALLS, NY 14472

You are entitled to monthly child's benefits beginning June 2004.

## What We Will Pay And When

- You will receive $2,792.50 around June 2, 2006.

- This is the money you are due for ~~December 2005~~ *June 2004* through April 2006.

- Your next payment of $166.00, which is for May 2006, will be received on or about the second Wednesday of June 2006.

- After that you will receive $166.00 on or about the second Wednesday of each month.

- Later in this letter, we will show you how we figured these amounts.

The day we make payments on this record is based on JOHN C MAGEE JR's date of birth.

## Your Benefits

We raised your monthly benefit amount beginning December 2005 because the cost of living increased.

## Health Insurance For Children

If this notice is for a child under age 19 who is not covered by health insurance, there is a Children's Health Insurance Program that may help. To find out more, you can look on the Internet at www.insurekidsnow.gov or call, toll free, 1-877-KIDS-NOW (1-877-543-7669). The number connects you to your state program.

See Next Page

ML0253

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HC5

## Information About Representative's Fees

When a representative wants to charge for helping with a Social Security claim, we must first approve the fee. We usually withhold 25 percent of past due benefits in order to pay the approved representative's fee.

Because a representative helped with this claim, we withheld $875.50 from your first check.

If the representative wants to charge a fee, a request to have it approved should be sent as soon as all work for you is finished. If the representative will not charge a fee, a statement saying so, signed and dated by the representative, should be sent to us instead.

When the amount of the fee is decided, we will pay the representative from the benefits we withheld.

If the approved fee is more than the money we have withheld, the Social Security Administration is not involved in paying the rest of the fee.

If the approved fee is less than the money we have withheld, we will send you the rest of the money.

Any request for fee approval should be sent to:

    Office of Disability and
    International Operations
    1500 Woodlawn Drive
    BALTIMORE, MARYLAND 21241-1500

## Other Social Security Benefits

The benefit described in this letter is the only one you can receive from Social Security. If you think that you might qualify for another kind of Social Security benefit in the future, you will have to file another application.

## Your Responsibilities

Your benefits are based on the information you gave us. If this information changes, it could affect your benefits. For this reason, it is important that you report changes to us right away.

We have enclosed a pamphlet, "When You Get Social Security or Survivors Benefits...What You Need to Know". It tells you what must be reported and how to report. Please be sure to read that part of the pamphlet which explains how work could change payments.

## Other Information

We are sending a copy of this notice to JEAN OWEN.

ML0254

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HC5                                                    Page 3 of 4

## Do You Disagree With The Decision?

If you disagree with this decision, you have the right to appeal. We will review your case and consider any new facts you have. A person who did not make the first decision will decide your case. We will correct any mistakes. We will review those parts of the decision which you believe are wrong and will look at any new facts you have. We may also review those parts which you believe are correct and may make them unfavorable or less favorable to you.

- You have 60 days to ask for an appeal.

- The 60 days start the day after you get this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

- You must have a good reason for waiting more than 60 days to ask for an appeal.

- You have to ask for an appeal in writing. We will ask you to sign a Form SSA-561-U2, called "Request for Reconsideration". Contact one of our offices if you want help.

Please read the enclosed pamphlet, "Your Right to Question the Decision Made on Your Social Security Claim". It contains more information about the appeal.

## If You Have Any Questions

We invite you to visit our website at www.socialsecurity.gov on the Internet to find general information about Social Security. If you have any specific questions, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at 1-585-232-3890. We can answer most questions over the phone. If you are deaf or hard of hearing, you may call our TTY number, 1-800-325-0778. You can also write or visit any Social Security office. The office that serves your area is located at:

> SOCIAL SECURITY
> ROOM 500
> 100 STATE ST
> ROCHESTER, NY 14614

If you do call or visit an office, please have this letter with you. It will help us answer your questions. Also, if you plan to visit an office, you may call ahead to make an appointment. This will help us serve you more quickly when you arrive at the office.

Jo Anne B. Barnhart
Commissioner
 of Social Security

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HC5                                          Page 4 of 4

# PAYMENT SUMMARY

**Your Payment Of $2,792.50**

Here is how we figured your
first payment:

    Benefits due for October 2005
    through April 2006
    including any cost of living increase,
    less monthly rounding of benefits ........................$ 3,668.00

    Amount we subtracted because of

       • money to pay
        your representative ...........................    875.50

This equals the amount of
your first payment ...................................$ 2,792.50

**Your Regular Monthly Payment**

Here is how we figured your
regular monthly payment effective May 2006:

    You are entitled to a monthly benefit of ...................$    166.40

    Amount we subtracted because of

       • rounding (we must round down to
        a whole dollar) ...............................      .40

This equals the amount of
your regular monthly payment ...........................$    166.00

ML0256

# Social Security Administration
# Retirement, Survivors and Disability Insurance
Important Information

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date: May 27, 2006
Claim Number: 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HC5

000242 MCSM77 N1  0.819
JEAN OWEN
ATTY FOR FAMILY OF J
MAGEE
5700 BROADMOOR ST
STE 310
MISSION, KS 66202-2412

Enclosed is a copy of a letter we sent to JOHN H MAGEE.

**If You Have Any Questions**

We invite you to visit our website at www.socialsecurity.gov on the Internet to find general information about Social Security. If you have any specific questions, call us toll-free at 1-800-772-1213. We can answer most questions over the phone. If you prefer to visit one of our offices, please check the local telephone directory for the office nearest you. Or call us and we can give you the office address. Please have this letter with you if you call or visit an office. It will help us answer your questions.

Jo Anne B. Barnhart
Commissioner
of Social Security

C

12945
unotum
CO
480

RECEIVED
MAY 3 0 2006
OCCUDATA, INC.

ML0257

Financial Index for 640407128904

# Social Security Administration
# Retirement, Survivors and Disability Insurance

Notice of Award

RECEIVED

MAY 3 0 2006

OCCUDATA, INC.

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date:  May 27, 2006
Claim Number:  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HC4

JOHN MAGEE JR FOR
MADELINE A MAGEE
71 ONTARIO ST
HONEOYE FALLS, NY 14472

MADELINE A MAGEE is entitled to monthly child's benefits beginning June 2004.

We have chosen you to be her representative payee.  Therefore, you will receive her checks and use the money for her needs.

## What We Will Pay And When

- You will receive $2,792.50 around June 2, 2006.

- This is the money MADELINE is due for June 2004 through April 2006.

- MADELINE A MAGEE's next payment of $166.00, which is for May 2006, will be received on or about the second Wednesday of June 2006.

- After that you will receive $166.00 on or about the second Wednesday of each month.

- These and any future payments will go to the financial institution you selected.  Please let us know if you change your mailing address, so we can send you letters directly.

- Later in this letter, we will show you how we figured these amounts.

The day we make payments on this record is based on JOHN C MAGEE JR's date of birth.

## Your Benefits

We raised her monthly benefit amount beginning December 2004 and again in December 2005 because the cost of living increased.

See Next Page

ML0258

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HC4    Page 2 of 5

## Work And Earnings Affect Payments

The monthly earnings test applies only to 1 year. That year is the first year a beneficiary has a non-work month after entitlement to Social Security benefits. Our records show that MADELINE had or will have at least one non-work month in 2004. If she ever goes to work, we will pay benefits for each year based on her work and earnings for that year.

## Health Insurance For Children

If this notice is for a child under age 19 who is not covered by health insurance, there is a Children's Health Insurance Program that may help. To find out more, you can look on the Internet at www.insurekidsnow.gov or call, toll free, 1-877-KIDS-NOW (1-877-543-7669). The number connects you to your state program.

## Information About Representative's Fees

When a representative wants to charge for helping with a Social Security claim, we must first approve the fee. We usually withhold 25 percent of past due benefits in order to pay the approved representative's fee.

Because a representative helped with this claim, we withheld $875.50 from her first check.

If the representative wants to charge a fee, a request to have it approved should be sent as soon as all work for MADELINE is finished. If the representative will not charge a fee, a statement saying so, signed and dated by the representative, should be sent to us instead.

When the amount of the fee is decided, we will pay the representative from the benefits we withheld.

If the approved fee is more than the money we have withheld, the Social Security Administration is not involved in paying the rest of the fee.

If the approved fee is less than the money we have withheld, we will send MADELINE the rest of the money.

Any request for fee approval should be sent to:

> Office of Disability and
> International Operations
> 1500 Woodlawn Drive
> BALTIMORE, MARYLAND 21241-1500

## Other Social Security Benefits

The benefit described in this letter is the only one she can receive from Social Security. If you think that she might qualify for another kind of Social Security benefit in the future, you will have to file another application.

ML0259

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HC4

Page 3 of 5

## Your Responsibilities

MADELINE's benefits are based on the information you gave us. If this information changes, it could affect her benefits. For this reason, it is important that you report changes to us right away.

We have enclosed a pamphlet, "When You Get Social Security or Survivors Benefits...What You Need to Know". It tells you what must be reported and how to report. Please be sure to read that part of the pamphlet which explains how work could change payments.

As a representative payee, you have additional responsibilities. They are discussed in the enclosed pamphlet, "A Guide for Representative Payees."

## Other Information

We are sending a copy of this notice to JEAN OWEN.

## Do You Disagree With The Decision?

If you disagree with this decision, you have the right to appeal. We will review your case and consider any new facts you have. A person who did not make the first decision will decide MADELINE's case. We will correct any mistakes. We will review those parts of the decision which you believe are wrong and will look at any new facts you have. We may also review those parts which you believe are correct and may make them unfavorable or less favorable to her.

- You have 60 days to ask for an appeal.

- The 60 days start the day after you get this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

- You must have a good reason for waiting more than 60 days to ask for an appeal.

- You have to ask for an appeal in writing. We will ask you to sign a Form SSA-561-U2, called "Request for Reconsideration". Contact one of our offices if you want help.

Please read the enclosed pamphlet, "Your Right to Question the Decision Made on Your Social Security Claim". It contains more information about the appeal.

ML0260

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HC4                                                    Page 4 of 5

## If You Have Any Questions

We invite you to visit our website at www.socialsecurity.gov on the Internet to find general information about Social Security. If you have any specific questions, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at 1-585-232-3890. We can answer most questions over the phone. If you are deaf or hard of hearing, you may call our TTY number, 1-800-325-0778. You can also write or visit any Social Security office. The office that serves your area is located at:

SOCIAL SECURITY
ROOM 500
100 STATE ST
ROCHESTER, NY 14614

If you do call or visit an office, please have this letter with you. It will help us answer your questions. Also, if you plan to visit an office, you may call ahead to make an appointment. This will help us serve you more quickly when you arrive at the office.

Jo Anne B. Barnhart
Commissioner
of Social Security

ML0261

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HC4

# PAYMENT SUMMARY

## MADELINE's Payment Of $2,792.50

Here is how we figured MADELINE's
first payment:

      Benefits due for June 2004
      through April 2006
      including any cost of living increase,
      less monthly rounding of benefits . . . . . . . . . . . . . . . . . . . . . . . .$ 3,668.00

      Amount we subtracted because of

        •  money to pay
          MADELINE's representative     . . . . . . . . . . . . . . . . . . . . .   875.50

This equals the amount of
MADELINE's first payment . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 2,792.50

## MADELINE's Regular Monthly Payment

Here is how we figured MADELINE's
regular monthly payment effective May 2006:

      She is entitled to a monthly benefit of    . . . . . . . . . . . . . . . . . . .$   166.40

      Amount we subtracted because of

        •  rounding (we must round down to
          a whole dollar)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    .40

This equals the amount of
MADELINE's regular monthly payment   . . . . . . . . . . . . . . . . . . .$   166.00

ML0262

# Social Security Administration
## Retirement, Survivors and Disability Insurance
### Important Information

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date:  May 27, 2006
Claim Number:  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HC4

601124 MC5M77 N1  0.980
JEAN OWEN
ATTY FOR FAMILY OF J
MAGEE
5700 BROADMOOR ST
STE 310
MISSION, KS 66202-2412

Enclosed is a copy of a letter we sent to JOHN MAGEE JR.

**If You Have Any Questions**

We invite you to visit our website at www.socialsecurity.gov on the Internet to find general information about Social Security.  If you have any specific questions, call us toll-free at 1-800-772-1213.  We can answer most questions over the phone.  If you prefer to visit one of our offices, please check the local telephone directory for the office nearest you.  Or call us and we can give you the office address.  Please have this letter with you if you call or visit an office.  It will help us answer your questions.

Jo Anne B. Barnhart
Commissioner
of Social Security

C

12945 RECEIVED
MAY 3 0 2006
OCCUDATA, INC.

ML0263

**David S. Bell, M.D.**
**77 South Main Street**
**P.O. Box 495**
**Lyndonville, New York 14098**

Telephone: (585) 765-2060

May 15, 2006

Metropolitan Life Disability
P.O. Box 14590
Lexington, Kentucky

RE:   John Magee
Claim #640407128904

Dear Sirs:

I am in receipt of your consultation from Dr. Dennis Payne on Mr. John Magee. I feel that this is quite inaccurate. First of all, in answer to question #1, I do not feel that Mr. Magee is capable of performing unrestricted work duties consistent with age-match controls. This statement shows a profound ignorance of the science involved with chronic fatigue syndrome which is inappropriate for a consultant. It should be noted that just this month the Centers for Disease Control published an entire journal on the genomics of this illness. While I would not be assuming that Dr. Payne is aware of the most recent evidence on chronic fatigue syndrome, the fact that it is an established diagnostic entity is beyond question. As regards question #4, the answer that there are no restrictions or limitations in function in Mr. Magee's case again makes the assumption that there is no such entity as chronic fatigue syndrome.

In the future I would expect that any independent consultant that Metropolitan Life employs to evaluate patients with this illness have at least a superficial understanding of this illness.

Very truly yours,

David S. Bell, M.D.

DSB:ds
Dictated, not read.
cc: Mr. John Magee

Metropolitan Life Insurance Company

**MetLife®**

MetLife Disability
Offset Recovery Unit
P.O. Box 6171
Utica, NY 13504-6171

May 24, 2006

John Magee
71 Ontario St
Honeoye Falls, NY 14472-1123

RE:   Long  Term Disability
      Claim No.:   640407128904
      Group No.:   303299

Dear Mr. Magee,

We are writing in reference to your claim for Long  Term Disability benefits.

The current balance of the overpayment is in the amount of $51,886.27. We are again requesting your assistance in resolving this debt.  Since you have not yet received your Family Social Security Award yet, please send the portion of the overpayment due to your Primary Social Security Award in the amount of $32,744.93 ($38,044.93 less attorney fees of $5,300.00).

Please send a check or money order made payable to MetLife within 15 days.  To ensure proper crediting of the claim, please be sure to include the claim number on the refund check.  A pre-addressed envelope is provided for your convenience.

*If payment has been sent, please disregard this request and allow 10 days to process your reimbursement.*

Your cooperation will be greatly appreciated.

Sincerely,

*Christine Mielnicki*

Christine Mielnicki
Overpayment Recovery Unit
Phone:  (800) 300-4296
Fax:  (570) 686-2182
E-mail: cmielnicki@metlife.com

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

JOB NO.            2812
DESTINATION ADDRESS 915857652067
PSWD/SUBADDRESS
DESTINATION ID
ST. TIME           05/08 08:38
USAGE T            00'58
PGS.               6
RESULT             OK
```

OGC                     FAXED  W/  PFR  REPNA

Metropolitan Life Insurance Company
MetLife Disability, PO Box 14590, Lexington KY 40511-4590
**Phone:**            **Fax: 1-800-230-9531**

# MetLife

# FAX

| **To:** | Dr Bell | **From:** | Lynn M Gray |
|---|---|---|---|
| **Fax:** | 585-765-2067 | **Pages:** | 6 |
| **Date:** | 05/08/2006 | **Claim #:** | 640407128904 |
| | | **SS#:** | |
| | | **DOB:** | 12/07/1959 |

**Re:**   Claim for John Magee

*THIS COVER SHEET SHOULD BE RETURNED WITH ANY CORRESPONDENCE PROVIDED TO MetLife.
FAILURE TO PROVIDE THE CLAIM NUMBER, AND\OR SOCIAL SECURITY NUMBER AND
DATE OF BIRTH WILL CAUSE A DELAY IN THE HANDLING OF THE INFORMATION
PROVIDED TO MetLife.*

**Comments:** Please respond by May 22, 2006

The information contained in the following pages is confidential and intended only for the individual named above. ANY OTHER USE, DISSEMINATION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED AND IS A TORTUOUS INTERFERENCE WITH OUR CONFIDENTIAL BUSINESS RELATIONSHIPS. If this document was erroneously sent to you, please notify us immediately at the number listed above and then destroy this document.

ML0266

**MetLife**®

Met DisAbility
PO Box 14590
Lexington, KY 40511-4590

May 8, 2006

Dr. Bell
77 South Main Street
Lyndonville, NY 14098

Claimant name: John Magee
Claim Number: 640407128904
Date of birth: 12/07/1959

Dr. Bell,

Please assist us in the evaluation of your patients claim for long term disability benefits.
Metlife is committed to partnering with you in working toward the goal of returning your
patient to work safely and successfully.

Mr Bells file was reviewed by Dr Payne Jr, Board Certified Rheumatologist on May 3, 2006.
The final report is enclosed for your review.

If you do not agree with the findings in the review, please respond with your own restrictions
and limitations. If no response is received by May 22, 2006, it will be assumed that you are
in agreement with the findings and recommendations of the exam.

Any cost associated with obtaining medical information for the purpose of processing a
claim is the sole responsibility of the claimant.

Please fax your response to 1-800-230-9531. Thank you in advance for your time and if you
have any questions please do not hesitate to call.

Sincerely,

Lynn Gray
Nurse Consultant
Metlife Disability
1-800-300-4296 extension 6826

ML0267

April 26, 2006                                                              NMR#:  **D56527.01**



# NMR
## Network Medical Review
### C O M P A N Y

## FAX TRANSMITTAL

**DATE:**          MAY 3  2006

**TO:**            MICHELE MCCANN
                   METLIFE INSURANCE COMPANY

**FAX#:**          315-792-1740
**PHONE#:**        315-792-2365              **EXT.**

**FROM:**          KAREN STANDKE

**FAX#:**          815-399-5437

**PHONE#:**        815-399-5180
**TOLL FREE:**     888-388-1667

**PAGES:**         5     (NMR)

**RE:**            **JOHN MAGEE**
**CLAIM#:**        **640407128904**

COMMENTS:

The following is the report you requested on the above named claimant. An original will be
sent to you through the mail.

If you have any questions or concerns, please contact our office.

Thank You

*The information contained in this facsimile message is intended for the personal and confidential use of the
designated recipient(s) named above. If the reader of this message is not the intended recipient or an agent
responsible for delivering it to the intended recipient, and has received this document in error, Please notify
me immediately by telephone so that the return of the document can be arranged.*

ML0268



*Elite Physicians®,*
*Ltd.*

*A Subsidiary of*
**NMR**

*Providers of*
*Evidence-Based*
*Medical Reports*

May 3, 2006

Ms. Michele McCann
Metlife Insurance
5950 Airport Road
Oriskany, NY  13424

| | |
|---|---|
| RE: | John Magee |
| CLAIM #: | 640407128904 |
| SS #: | 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 |
| NMR #: | D56527.01 |
| JOB: | Program Assurance Manager |
| DOB: | 12/07/59 |
| EMPLOYER: | ITT industries |
| DIS. DATE: | 11/27/03 |
| REF. DATE: | 04/27/06 |
| DIAG: | CFS, PTSD/Depression |
| VENDOR TX: | 364041877 |

Dear Ms. McCann,

Thank you for referring this file for review to determine Mr. Magee's level of functionality. Specific issues will be addressed at the end of the report.

**RECORDS PROVIDED FOR REVIEW:**

| | | | |
|---|---|---|---|
| PROG NOTES | David S. Bell, M.D. | 09/18/00-02/06/06 | 1-137 |
| PROG NOTES | Alice M. Tariot, M.D. | 02/05/04-10/14/04 | 138-143 |
| PROG NOTE | Carolyn M. Cerame, LCSW | 08/19/05-12/12/05 | 144 |
| PROG NOTES | ? | ? | 145-146 |
| FILE REVIEW | Amy Hopkins, M.D. | 11/05/04 | 147-149 |
| FILE REVIEW | Ernest Gosline, M.D. | 12/13/04 | 150-152 |
| LAB | | 09/28/00-06/29/05 | 153-168 |
| OTHER TESTS | | 09/29/00 | 169 |
| JOB | | | 170-172 |
| MISC. | | 07/13/04-02/13/06 | 173-177 |

**RHEUMATOLOGY ASSESSMENT:**  A thorough review of the submitted medical information has been completed.

*6778 Mill Road*
*Rockford, Illinois 61108*

*Phone: 815-399-5180*
*Fax: 815-399-5437*

*E-Mail:*
*info@elitephysicians.com*

*Visit our website*
*www.nmrco.com*



URAC
ACCREDITED
INDEPENDENT REVIEW
ORGANIZATION

ML0269



RE: John Magee
Page 2

NMR#: D56527.01
May 3, 2006

This is a medical review in regards to a long-term disability determination for John Magee. Specifically, the case is being reviewed in regards to the diagnosis of rheumatic disease. This review is based solely upon objective medical records. I have never examined, evaluated, or followed Mr. Magee, nor has there ever been a doctor-patient relationship between myself and Mr. Magee.

Mr. Magee is a 46-year-old male that has been out of work since 11/27/2003. His occupation is as a quality assurance engineer. In reviewing the medical record, the diagnoses predominating are those of chronic fatigue syndrome, fibromyalgia, restless legs syndrome, and a host of symptoms including fatigue, headaches, dysesthesias, multiple cognitive problems, diffuse abdominal discomfort, and chronic back pain. In the medical records, these problems are reported by him to produce symptoms of a severity as to produce difficulty with function in his vocation.

According to the available record data, symptomatology began in 1995 with an insidious onset of problems. The reports documented in the medical records are that subjective gradual worsening in symptoms has ensued to the point that he felt he could no longer perform his occupational duties. In reviewing the entire medical record data, there is no evidence of any specific cardiopulmonary, GI, or specific neurological or renal disease. There is mention of him having "hypovolemia" and he receives saline intravenous infusions on several occasions with equivocal responses.

Mr. Magee's examinations contained within the objective medical record essentially reveal evidences of the above noted problems. No focal neurological findings are mentioned. He is noted to have diffuse and chronic fatigue with multiple other somatic symptoms, including abdominal pain, problems with concentration, short term memory, headaches, and lack of energy. No objective cardiac, pulmonary, or GI findings are mentioned other than the diagnoses noted above. There are no mentions of synovitis, weakness, atrophy, or objective functional changes as a result of any musculoskeletal findings in the history, exam, or laboratory testing reported. No specific findings supportive of any destructive rheumatic disease have been demonstrated in the available medical record data. There is mention of depression with tearfulness on multiple occasions, which is reportedly related to his "losses" of functional abilities.

Mr. Magee's evaluations have been extensive and appropriate. These have included findings of a normal CBC and chemistry profile. His ANA and RF were negative. His ESR has been normal. Electrodiagnostic studies performed on the upper extremities were normal. According to the medical data he had a muscle biopsy performed; however this report has not been included for review. It was reportedly negative. A B12 and a.m. cortisol was normal. Echocardiography revealed borderline LVH. Standard catecholamine testing was normal. An MRI of the spine (? Region) was negative.

Mr. Magee's treatment has been with NSAIDs, analgesics, anti-depressants, stimulants, tricyclics, clonazepam, and adjuvants; however, these were of no sustained benefit. He has had the saline infusions and a course of psychotherapy. No benefit is documented from this treatment.

Mr. Magee's clinical course over the medical record data reviewed reveals no sustained benefits from treatment or changes in the subjective findings despite treatment and despite being out of work.

**TELECONFERENCE:** This reviewer contacted Dr. Bell's office on 5/1/06 at 10:55 am and 11:30 am EST. After receiving a busy signal, this reviewer faxed a request to his office to call me in regards to the review on Mr. Magee. After not receiving a call back, this reviewer re-contacted him at 3:05

RE: John Magee
Page 3

NMR#: D56527.01
May 3, 2006

pm EST on 5/1/06 and was able to discuss Mr. Magee's case with him. His current position on Mr. Magee's case is much the same that he presented in the medical records reviewed. He felt Mr. Magee was not malingering or amplifying his symptoms. He did report that that there was consistency in Mr. Magee's complaints and the subjective nature of the problems he reported. Dr. Bell also mentioned on questioning that no objective findings of joint or muscle damage or any objective musculoskeletal problem had been identified.

## IN ANSWER TO YOUR SPECIFIC QUESTIONS:

1. **MetLife's focus is on defining Mr. Magee's level of functionality and abilities. Please define Mr. Magee's current level of functionality based on your review of all material provided, medical documentation and/or physical examination according to DOT physical demands.**

The objective medical record presently supports that Mr. Magee is capable of performing unrestricted work duties consistent with the capabilities of age matched controls. Specifically, there are no restrictions or limitations that are supported in the available medical record data.

2. **How consistent with the clinical evidence presented is the stated diagnosis?**

The diagnosis felt in the medical record data to be the disabling problem is chronic fatigue syndrome. This diagnosis is based entirely upon subjective symptomatology without any objective findings on examination, laboratory testing, imaging data, or other specific objective studies used to evaluate conventional disease. As a result, the "syndrome" designation is made in that this condition is a constellation of symptoms without any histopathological correlate. With that in mind, there is consistency with the clinical evidence (or lack thereof) with the stated diagnosis.

3. **How consistent with the objective clinical findings noted are the symptoms reported?**

Entirely inconsistent. Mr. Magee presents with a host of multiple somatic symptoms and subjectively debilitating fatigue, with no objective reason being found. No specific treatments have lead to any sustainable improvements in symptoms or function.

4. **What restrictions and limitations would be appropriate based on the diagnosis?**

No restrictions and limitations in function would be applicable to Mr. Magee's case.

5. **How consistent is the treatment plan?**

The available medical data support appropriate treatment for this condition consistent with the standard of care in the medical literature. As noted above, treatment failure is the normal course in this problem, with symptom palliation being all that is usually achievable in most cases. This would include activity limitation; it does not improve the problem.

ML0271

RE: John Magee                                     NMR#: D56527.01
Page 4                                              May 3, 2006

Sincerely,

D. Dennis Payne, Jr., M.D.
Board Certified Internal Medicine
Board Certified Rheumatology
Licensed in State of NC # 35459

ML0272

Metropolitan Life Insurance Company
27-01 Queens Plaza North
Long Island City, NY 11101

# MetLife®

## FAX COVER PAGE    Friday, April 28, 2006 3:22:26 PM

|  |  |
|---|---|
| **To:** | ACS OUTGOING CORRESPONDENCE |
| Company Name: |  |
| Phone Number: |  |
| Fax Number: | 1-800-230-9531 |
| **From:** | Christine Mielnicki |
| Phone Number: |  |
| Fax Number: |  |

09 pages including this cover sheet
Call if there are problems with this facsimile

**Message:**
OUTGOING CORRESPONDENCE    John Magee, claim number 640407128904

The Information contained in the following pages is privileged, confidential and intended only for the individual named above. ANY OTHER USE, DISSEMINATION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED AND IS TORTIOUS INTERFERENCE WITH OUR CONFIDENTIAL BUSINESS RELATIONSHIPS. If this document was erroneously sent to you, please notify us immediately at the number listed above and then destroy this document.

ML0273

         

New OP CO TR-magee, john 640407128904.doc   INITIAL LTR SS AWARD-magee, john 640407128904.doc

Christine Mielnicki
Overpayment Recovery Unit
* Phone:(800) 300-4296
* Direct Line: (570) 686-2061
* Fax:   (570) 686-2182
* Email: cmielnicki@metlife.com
---- Forwarded by Christine Mielnicki/Ins/MetLife/US on 04/28/2006 03:21 PM -----

      Peter R Knoth/Ins/MetLife/US

      04/28/2006 01:03 PM

| | |
|---|---|
| To | Christine Mielnicki/Ins/MetLife/US@MetLife |
| cc | |
| Subject | O/P referral for John Magee, claim 640407128904 |

---- Forwarded by Peter R Knoth/Ins/MetLife/US on 04/28/2006 01:01 PM -----

## MetLife Disability Offset Recovery Unit Referral Form

**Instructions for Use:**        This form should be completed when referring an overpayment to the Overpa
Recovery Unit, located in the Utica office. Overpayments should be referred
two (2) business days following receipt of information resulting in the overpa
The form should be sent via lotus notes to the Overpayment Specialist.
documents are not scanned, please fax the information to (315) 792-2596.

       Ted Koniowka, Unit Manager
       Karl Godlewski, Sr. Case Manager   (X006)
       Michelle Fusco, Sr. Case Manager   (X069)

ML0274

| Multi-Office Specialists | Owner ID | LTD |
|---|---|---|
| Multi Office LTD and STD alpha-split is based on the Claimant's last name. | | |
| Nadine Moran | XE03 | S |
| Susan Goodhines | XE25 | K, X |
| | | |
| Bonnie Ellsworth | X055 | C, W |
| Robin Komorek | X080 | D, H, I |
| Deborah Bunger | X005 | B, Y, U |
| | | |
| Christine Mielnicki | X058 | M, Q |
| | | |
| Karen Pietsch | X081 | J, F, Z (multi-c Corning, Amer Airlines, TWA, ABC |

ML0275

| | | |
|---|---|---|
| James Hall | X812 | L, V, E<br>SC Johnson |
| | | |
| David Riggles | X097 | P, R (multi-offi<br>Utica National |
| | | Accounts A-Z |
| Tracy Kimball | X057 | T, G, O, N (mu<br>Abbott Labs,<br>IKON, Cummin<br>Walgreens,<br>A, Q, R (Utica I |
| **Utica Specialists** | **Owner ID** | LTD |
| | | |
| Nancy Perry | X059 | Sears, IBM |
| Thomas McCraith | X094 | Eastern Zone: |
| Tom Wood | X068 | Eastern Zone:<br>Met I & R<br>Kodak |
| | | |
| Gordy Snell | X075 | Mid America: ,<br>AHP, Phillips<br>Electronics, Di<br>A (multi-*office*) |

ML0276

Referral Source Name:                    Peter R Knoth                         Phone:

Office:                              Utica
Type of Claim:                       LTD                                   Claimant's Name:

Claim Number:                        640407128904                         Overpayment Cause:

ML0277

REMINDERS:

**1.** DATE CLAIMANT WAS CONTACTED VIA TELEPHONE AND INFORMED THAT AN OVERPAYMENT HAS OCCUI
**2.** IF A PORTION OF THE OVERPAYMENT MUST BE MANUALLY LOADED, SUCH AS WITH A TAKEOVER CLAI
PAYMENT HISTORY FROM THE PRIOR CARRIER MUST BE PROVIDED.  (THIS INFORMATION IS REQUIR
MANUALLY CALCULATE THAT PORTION OF THE OVERPAYMENT.)
3. PROVIDE COPY OF THE REIMBURSEMENT AGREEMENT. IF DOCUMENT IS IMAGED, PLEASE PROVIDE THE

4. SHOULD CUSTOMER BE COPIED ON CORRESPONDENCE?
       IF YES:  PLEASE PROVIDE NAME AND ADDRESS OF GROUP CONTACT:
5. SPECIAL ACCOUNT OR HANDLING INSTRUCTIONS:
**6. STD OVERPAYMENTS OVER $500.00 ONLY.  (NOTE: THE INITIAL LETTER IS TO BE WRITTEN BY THE CS / C**
FORWARDED TO THE OVERPAYMENT SPECIALIST.)
7. DCN#'S OF ALL DOCUMENTS RELATING TO THE OVERPAYMENT (IF CAUSE OF OVERPAYMENT IS I
PLEASE PROVIDE EFT FORM OR ITS DCN):  FINANCIAL INDEX DCN 060421000666

ML0278

# COTR SHEET

**TO: Database Manager**

New OP     X

Update

| Office    Utica | APPR# x058 |
|---|---|

Group Name      Itt Industries

Group Number      303299

Claimant Name      Magee, John

Claim Number      640407128904

SS Number      088544213

Funding     ASA

Amt of Overpayment      $57,186.27   Current Balance $51,886.27

Date of Initial OP Letter      04/28/2006

Date of Refund:      Amount of Refund:

Target Code: A      Cause I

   IP =PRIMARY SS             C=PENSION

   IF =FAMILY SS             D=RETURN TO WORK

   I=SS                        E=DEATH

   B=WORKERS COMP          J=OTHER

ML0279

060428F08329

Metropolitan Life Insurance Company

**MetLife®**

MetLife Disability
Offset Recovery Unit
P.O. Box 6171
Utica, NY 13504-6171

April 28, 2006

John Magee
71 Ontario St
Honeoye Falls, NY 14472-1123

RE:   Long Term Disability
      Claim No.:   640407128904
      Group No.:   303299

Dear Mr. Magee,

We have received your Social Security Disability Award information indicating the amount of the benefit to be $1,868.00 per month effective September 2004.

According to the terms of the ITT Industries Disability Group Plan, benefits are to be reduced by the amount of Social Security Disability Benefits received, including those for your dependents.   Since we have not received your Social Security Disability Award Certificate indicating the amount of the benefit, we are estimating the amount to be $934.00 per month effective September 2004.

For the period from September 20, 2004 through May 31, 2006, disability benefits paid to you were not reduced by the amount of your Social Security Disability Award. Your claim has been adjusted to reflect the effective date and benefit amount shown above.  The adjustment has resulted in an overpayment on your claim in the amount of $57,186.27.

The following is an explanation of how we arrive at this figure:

| Benefit Period From | Benefit Period Through | Monthly Benefit Amount | Monthly Benefit Payable GROSS |
|---|---|---|---|
| 9/20/2004 | 9/30/2004 | $466.25 | $908.39 |
| 10/1/2004 | 10/31/2004 | $6,610.91 | $2,220.50 |
| 11/1/2004 | 11/30/2004 | $5,022.50 | $2,220.50 |
| 12/1/2004 | 12/31/2004 | $5,022.50 | $2,220.50 |
| 1/1/2005 | 1/31/2005 | $5,022.50 | $2,220.50 |
| 2/1/2005 | 2/28/2005 | $5,022.50 | $2,220.50 |
| 3/1/2005 | 3/31/2005 | $5,022.50 | $2,220.50 |
| 4/1/2005 | 4/30/2005 | $5,022.50 | $2,220.50 |
| 5/1/2005 | 5/31/2005 | $5,022.50 | $2,220.50 |
| 6/1/2005 | 6/30/2005 | $5,022.50 | $2,220.50 |
| 7/1/2005 | 7/31/2005 | $5,022.50 | $2,220.50 |

ML0280

| | | | |
|---|---|---|---|
| 8/1/2005 | 8/31/2005 | $5,022.50 | $2,220.50 |
| 9/1/2005 | 9/30/2005 | $5,022.50 | $2,220.50 |
| 10/1/2005 | 10/31/2005 | $5,022.50 | $2,220.50 |
| 11/1/2005 | 11/30/2005 | $5,022.50 | $2,220.50 |
| 12/1/2005 | 12/31/2005 | $5,022.50 | $2,220.50 |
| 1/1/2006 | 1/31/2006 | $5,022.50 | $2,220.50 |
| 2/1/2006 | 2/28/2006 | $5,022.50 | $2,220.50 |
| 3/1/2006 | 3/31/2006 | $5,022.50 | $2,220.50 |
| 4/1/2006 | 4/30/2006 | $5,022.50 | $2,220.50 |
| 5/1/2006 | 5/31/2006 | $5,022.50 | $2,220.50 |
| | Total: | $102,504.66 | $45,318.39 |

| | |
|---|---|
| Total Amount Paid: | $102,504.66 |
| Total Amount Properly Payable: | $45,318.39 |
| Total Amount Overpaid: | $57,186.27 |
| Less Attorney Fee Credit: | -$5,300.00 |
| Current Amount Due: | $51,886.27 |

According to the Social Security Administration the approved amount of your attorney's fee is $5,300.00. We have applied credit of $5,300.00 to the overpayment of $57,186.27, leaving a current balance of $51,886.27.

You are now entitled to a monthly benefit of $2,220.50. Future benefits will be withheld until your full reimbursement is received. However, this is not a repayment arrangement, and we ask that you please send a check or money order in the amount of $51,886.27, made payable to MetLife.

To ensure proper crediting of your claim, please be sure to include your claim number on the refund check and remit payment to:

**MetLife Disability**
**Offset Recovery Unit**
**P.O. Box 6171**
**Utica, NY 13504-6171**

A pre-addressed envelope is provided for your convenience.

Your cooperation is greatly appreciated and we anticipate an early reply.

Sincerely,

*Christine Mielnicki*

Christine Mielnicki
Overpayment Recovery Unit
Phone: (800) 300-4296
Fax: (570) 686-2182
E-mail: cmielnicki@metlife.com

ML0281

MCD/VOC



**Kimberly J Herrin**
04/24/2006 01:29 PM

To: Lynn M Gray/Ins/MetLife/US@MetLife
cc:
Subject: PFR - John Magee - Rheumatology

# PFR

Medical/Vocational Index

**MetLife**
MetLife Disability
P.O. Box 14590
Lexington, KY 40511

Fax (866) 690-1264

## IME/PFR REFERRAL

Claim #: 640407128904

**To:** Unival / Chris Fox Fax 800-332-8611

**Requester:** Lynn M Gray   Phone: 315-792-6826  WQ: UE20

**Approver Name & Title** (type in):

**Approver Phone:**

| | | | |
|---|---|---|---|
| **From:** | Michele McCann UT | Date of Referral: | 04/24/2006 |
| Office | Utica | Fax Number: | |
| Appeal File: | No | Cost Center: | 21101 |

| | | |
|---|---|---|
| Service requested: | | PFR |
| Specialist Requested: | | Rheumatology |
| Time frame for IME/PFR: | | Standard (10 days) |
| Please Contact Attending Physician via phone (for physician file review): | | Yes |

| | | | |
|---|---|---|---|
| Claimant Name: | John Magee | SS #: | 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 |

| | | | |
|---|---|---|---|
| Employer Name: | ITT industries | Report #: | 303299 |

ML0282

| | | | |
|---|---|---|---|
| Gender: | Male | D.O.B: | 12/07/1959 |
| LDW: | 11/26/2003 | DDC: | 11/27/2003 |
| Claim Type: | Any Occ | Claimant's Job Title: | Programm assurance manager |
| Primary Diagnosis: | CFS | Secondary Diagnosis: | PTSD/Depression |
| Attachments: | | Clinical Attachments: | Diagnostic Reports, Office/Progress Notes |
| Misc.: | | | |

## Billing Information

Department ID#:

Product Code:

G\L Account Number:

**Brief Summary of the Claim: (Snap-shot of claim & issues that needs to be addressed):**

**Attending Physician Information:**

Name:

Address:

Dr Bell

77 South Main Street PO Box 495, Lyndonville NY 14098

AP's Phone: 585-765-2060

Specialty:

Additional Treating/ Consulting Physicians & Locations:

**SPECIAL/CONTRACTUAL INSTRUCTIONS:**

**TESTING REQUESTED:**

---

**PROVIDER, ON ALL CLAIMS PLEASE INCLUDE IN YOUR IMPRESSION, THE FOLLOWING:**

Metlife's focus is on defining our claimant's level of functionality and abilities.  Please define the claimant's current level of functionality based on your review of all material provided, medical documentation and/or physical examination according to DOT physical demands.

---

**Additional questions to be addressed by the provider:**

ML0283

A. How consistent with the clinical evidence presented is the stated diagnosis?

B. How consistent with the objective clinical findings noted are the symptoms reported?

C. What restrictions and limitations would be appropriate based on the diagnosis?

D. How consistent is the treatment plan?

E.

**Attach Medical/Claim information here:**

ML0284



## OCCUDATA, INC.
Social Security Disability Specialists

April 14, 2006

Financial Index for #640407128904

Mr. Ed Herrin
MetLife Disability
c/o ACS
P. O. Box 14590
Lexington, KY  40511-4590

Re:  Claimant      :  John Magee
     Our File No.  :  OC12945NY

### STATUS REPORT

Dear Mr. Herrin:

In order to determine the relevant financial information regarding the above-referenced claimant's award of Social Security disability benefits, we have obtained an award certificate.  Enclosed you will find a copy of said report.

To assist you in interpreting the enclosed information, we have prepared the following summary:

| | |
|---|---:|
| Total retroactive benefits payable thru 3/06 | $42,224.00 |
| Attorneys' fees withheld from total retroactive benefits | 5,300.00 |
| Net retroactive benefits released to claimant | 36,924.00 |
| Date of entitlement to Medicare Part A | 6/06 |
| Date of entitlement to Medicare Part B | 6/06 |
| Established date of onset | 12/12/03 |
| Date of entitlement to cash benefits | 6/04 |
| Scheduled medical review date | 3 years |
| Gross monthly benefit effective 6/04 | 1,868.00 |
| Gross monthly benefit effective 12/04 | 1,919.00 |
| Gross monthly benefit effective 12/05 | 1,997.00 |

5700 Broadmoor St., Ste. 310 • Mission, KS 66202-2405 • (913) 262-6555 • FAX (913) 262-4066
Email: dibrep@occudata.com    Website: www.occudata.com

ML0285



# OCCUDATA, INC.

### Social Security Disability Specialists

Please note there are five dependents on this file.  We will forward copies of the dependent notices as soon as they are received.

If you have any questions or need any further information regarding the award certificate, please do not hesitate to contact me.

Sincerely,

OCCUDATA, INC.

Anne H. Marley
Vice President

AHM/skm

Enclosure:  Copy of Award Certificate

ML0286

Financial INdex for #640407128904

# Social Security Administration
## Retirement, Survivors and Disability Insurance
Notice of Award

RECEIVED

APR 1 0 2006

OCCUDATA, INC.

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date: April 8, 2006
Claim Number: 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HA

JOHN C MAGEE JR
71 ONTARIO ST
HONEOYE FALLS, NY 14472

You are entitled to monthly disability benefits beginning June 2004.

**The Date You Became Disabled**

We found that you became disabled under our rules on December 12, 2003.

However, you have to be disabled for 5 full calendar months in a row before you can be entitled to benefits. For these reasons, your first month of entitlement to benefits is June 2004.

**What We Will Pay And When**

- You will receive $36,924.00 around April 14, 2006.

- This is the money you are due for June 2004 through March 2006.

- Your next payment of $1,997.00, which is for April 2006, will be received on or about the second Wednesday of May 2006.

- After that you will receive $1,997.00 on or about the second Wednesday of each month.

- These and any future payments will go to the financial institution you selected. Please let us know if you change your mailing address, so we can send you letters directly.

- Later in this letter, we will show you how we figured these amounts.

The day we make payments on this record is based on your date of birth.

**See Next Page**

ML0287

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HA

Page 2 of 6

**Your Benefits**

The following chart shows your benefit amount(s) before any deductions or rounding. The amount you actually receive(s) may differ from your full benefit amount. When we figure how much to pay you, we must deduct certain amounts, such as Medicare premiums. We must also round down to the nearest dollar.

| Beginning Date | | Benefit Amount | Reason |
|---|---|---|---|
| June | 2004 | $1,868.70 | Entitlement began |
| December | 2004 | $1,919.10 | Cost-of-living adjustment |
| December | 2005 | $1,997.70 | Cost-of-living adjustment |

**Information About Medicare**

You are entitled to medicare hospital and medical insurance beginning June 2006.

We will send you a Medicare card. You should take this card with you when you need medical care. If you need medical care before receiving the card and your coverage has already begun, use this letter as proof that you are covered by Medicare.

If you do not want medical insurance, please complete the enclosed card and return it to us in the envelope we have provided. You will need to do this by the date shown on the card. If you decide you do not want the insurance, we will return any premiums that you have paid.

**Information About Representative's Fees**

We have approved the fee agreement between you and your representative.

Your past-due benefits are $42,224.00 for June 2004 through March 2006. Under the fee agreement, the representative cannot charge you more than $5,300.00 for his or her work. The amount of the fee does not include any out-of-pocket expenses (for example, costs to get copies of doctors' or hospitals' reports). This is a matter between you and the representative.

**How To Ask Us To Review The Determination On The Fee Amount**

You, the representative or the person who decided your case can ask us to review the amount of the fee we say the representative can charge.

If you think the amount of the fee is too high, write us within 15 days from the day you get this letter. Tell us that you disagree with the amount of the fee and give your reasons. Send your request to this address:

Social Security Administration
Office of Hearings and Appeals
Attorney Fee Branch
5107 Leesburg Pike
Falls Church, Virginia 22041-3255

ML0288

The representative also has 15 days to write us if he or she thinks the amount of the fee is too low.

If we do not hear from you or the representative, we will assume you both agree with the amount of the fee shown.

## Information About Past-Due Benefits Withheld To Pay A Representative

Because of the law, we usually withhold 25 percent of the total past-due benefits to pay an approved representative's fee.  We withheld $5,300.00 from your past-due benefits to pay the representative.

We are paying the representative from the benefits we withheld.  Therefore, we must collect a service charge from him or her.  The service charge is 6.3 percent of the fee amount we pay, but not more than $75, which is the most we can collect in each case under the law.  We will subtract the service charge from the amount payable to the representative.

The representative cannot ask you to pay for the service charge.  If the representative disagrees with the amount of the service charge, he or she must write to the address shown at the top of this letter.  The representative must tell us why he or she disagrees within 15 days from the day he or she gets this letter.

## Other Social Security Benefits

The benefit described in this letter is the only one you can receive from Social Security.  If you think that you might qualify for another kind of Social Security benefit in the future, you will have to file another application.

## Your Responsibilities

The decisions we made on your claim are based on information you gave us.  If this information changes, it could affect your benefits.  For this reason, it is important that you report changes to us right away.

We have enclosed a pamphlet, "What You Need To Know When You Get Disability Benefits".  It will tell you what must be reported and how to report.  Please be sure to read the parts of the pamphlet which explain what to do if you go to work or if your health improves.

A provider of employment or vocational rehabilitation services may contact you about getting help to go to work.  The provider may be a State vocational rehabilitation agency or a provider under contract with the Social Security Administration.

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HA                                          Page  4 of  6

If you go to work, special rules allow us to continue your cash payments and health care coverage. For more information about how work and earnings affect disability benefits, call or visit any Social Security office and ask for the following publications:

- Social Security - Working While Disabled...How We Can Help (SSA Publication No. 05-10095).

- Social Security - If You Are Blind--How We Can Help (SSA Publication No. 05-10052).

**Other Information**

We are sending a copy of this notice to JEAN C OWEN.

**Do You Disagree With The Decision?**

You have already been notified of your appeal rights regarding the decision made by the Administrative Law Judge and what you must do to have that decision reexamined. If you believe that any other determination made by us in carrying out the Administrative Law Judge decision is incorrect, you may also request that part of your case be reexamined.

If you want this reconsideration, you may request it through any Social Security office. If additional evidence is available, you should submit it with your request. We will review your case and consider any new facts you have. A person who did not make the first decision will decide your case. We will correct any mistakes. We will review those parts of the decision which you believe are wrong and will look at any new facts you have. We may also review those parts which you believe are correct and may make them unfavorable or less favorable to you.

- You have 60 days to ask for an appeal.

- The 60 days start the day after you get this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

- You must have a good reason for waiting more than 60 days to ask for an appeal.

- You have to ask for an appeal in writing. We will ask you to sign a Form SSA-561-U2, called "Request for Reconsideration". Contact one of our offices if you want help.

Please read the enclosed pamphlet, "Your Right to Question the Decision Made on Your Social Security Claim". It contains more information about the appeal.

**Things To Remember For The Future**

Doctors and other trained staff decided that you are disabled under our rules. But, this decision must be reviewed at least once every 3 years. We will send you a letter before we start the review. Based on that review, your benefits will continue if you are still disabled, but will end if you are no longer disabled.

1604210006669

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HA                                        Page  5 of  6

Please tell us if there is a change in the mailing address and/or direct deposit information. We need this information to make sure payments are deposited timely and important notices regarding your payments reach you.

**If You Have Any Questions**

We invite you to visit our website at www.socialsecurity.gov on the Internet to find general information about Social Security.  If you have any specific questions, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at 1-585-232-3890.  We can answer most questions over the phone.  If you are deaf or hard of hearing, you may call our TTY number, 1-800-325-0778.  You can also write or visit any Social Security office.  The office that serves your area is located at:

> SOCIAL SECURITY
> ROOM 500
> 100 STATE ST
> ROCHESTER, NY 14614

If you do call or visit an office, please have this letter with you.  It will help us answer your questions.  Also, if you plan to visit an office, you may call ahead to make an appointment.  This will help us serve you more quickly when you arrive at the office.

Jo Anne B. Barnhart
Commissioner
of Social Security

ML0291

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HA                                        Page 6 of 6

# PAYMENT SUMMARY

**Your Payment Of $36,924.00**

Here is how we figured your
first payment:

    Benefits due for June 2004
    through March 2006
    including any cost of living increase,
    less monthly rounding of benefits . . . . . . . . . . . . . . . . . . . . . . . .$42,224.00

    Amount we subtracted because of

       •  money to pay
         your representative . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,300.00

This equals the amount of
your first payment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$36,924.00

**Your Regular Monthly Payment**

Here is how we figured your
regular monthly payment effective April 2006:

    You are entitled to a monthly benefit of . . . . . . . . . . . . . . . . . .$ 1,997.70

    Amount we subtracted because of

       •  rounding (we must round down to
         a whole dollar) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .70

This equals the amount of
your regular monthly payment . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 1,997.00

60421000666

060411F07182

Alice M. Tariot, M.D.
100 Linden Oaks
Suite 200
Rochester, NY 14625-2831
(585) 586-1600
(585) 586-7951 Fax

# facsimile transmittal

| To: | Peter Knoth | Fax: | 1-800-230-9531 |
|---|---|---|---|
| From: | Alice M. Tariot, M.D. | Date: | April 11, 2006 |
| Re: | John Magee | Pages: | 5 - not including cover |
| CC: | | | |

| Urgent | X For Review | ☐ Please Comment | ☐ Please Reply | ☐ Please Recycle |
|---|---|---|---|---|

Notes:

PRIVILEGE AND CONFIDENTIALITY NOTICE

The information in this facsimile is intended for the named recipient only. It contains privileged and confidential medical information protected by law. If you have received this in error, please notify us IMMEDIATELY by calling 585-586-1600, and return the original to the sender by mail. Do not disclose the contents to anyone. We will reimburse you for you expenses.

. . . . . . . . . . . . . . . . . . . . .

ML0293

02/13/06

We are also asking you to have your psychiatrist answer a few questions:

- Ask your treating psychiatrist what your prognosis will be in the next six- (6) months.
- What is your overall progress in treatment? If your progress has been limited, what alternative treatment modalities are being considered or utilized? If the progress has been positive, please provide an estimate return to work date.
- Have there been any referrals?
- Do you require a higher level of care?
- Are you considered to be seriously and persistently mentally ill?
- Are you capable of conducting any work-related activities, in any occupation, at this time?

We ask that you contact Dr. David Bell and your treating psychiatrists and psychologist's office's promptly to be sure this information is submitted on behalf of your claim. Please note that any cost associated with this request is, as always, the responsibility of the claimant. We also ask that you include your Long Term Disability claim number **640407128904** on all forms submitted to our office.

Your cooperation is greatly appreciated.

Sincerely,

Peter Knoth
Case Management Specialist
Met DisAbility
(800) 300-4296 - Phone
(800) 230-9531 - Fax

Enclosure:

Fax

ML0294

02/13/06

# MetLife

Name: John Magee
Claim #: 640407128904
DOB: 12/07/1959

Please fax the following information to 800-230-9531. (Please note that any cost associated with obtaining medical records is the responsibility of the claimant.)

- Specific diagnosis Axis I through V with DSM IV-TR or ICD 9 Code.

  Axis I  Major depression, recurrent 296.30

  Axis II  ——

  Axis III  Chronic Fatigue syndrome

  Axis IV  severe

  Axis V: Current: _60_  Highest in past year: _60_

- List medications, response to medications, recent changes in medications and any reported side effects and/or improvements.

  Buproprion SR 200mg bid > some improvement
  Citalopram 60mg qam    in mood

- Please describe how this disorder is affecting your patient's ability to perform activities of daily living  Pt is exhausted all the time and frequently has to rest. He is often in pain.

  As evidenced by what objective measures?

  Pt report

- What is your understanding of your patient's primary work responsibilities?

  Quality engineer at Kodak

- What specific symptoms, deficits or functional impairments does your patient exhibit that would impair your patient from performing work related activities?

  Fatigue, pain, low mood, poor conc'n, intermittent suicidal thoughts

  As evidenced by what objective measures?

  Pt report
  Suicide attempt 5/03

Page 4

ML0295

060411F07182

<u>PROGRESS NOTES</u>                                                                 1

PATIENT:    Magee, John
DOB:         12-7-59
DATE:        April 19, 2004
LENGTH:      20 Minutes, Psychotherapy/med. management

Patient is taking Lexapro 20 mg qam and Wellbutrin XL 300 mg qam. He reports he is no longer crying easily, but continues to feel that his future is dismal. He occasionally has thoughts of suicide but no plan or intent. He continues to think that his children don't need him except financially, and that now he is a poor financial support. However at the same time he says that he wouldn't try to hurt himself because of what others have told him it would do to his family. He has had a recent difficult time and was fired and then rehired by Kodak. He feels betrayed by those he worked with. He sees Ms. Cerame regularly. On MSE he is negative and pessimistic. He appears to be somewhat less depressed with less weeping on Wellbutrin. His negativism is undoubtedly related to his serious illness and loss of function. He is having a hard time redefining himself as useful in any way. Risk factors for suicide are serious medical illness, ideation and negative self-view. There are no firearms. Protective factors are good relationship with wife, wishes to not hurt his family. I do think there has been a benefit from Wellbutrin and it will be continued. He is to continue working with Ms. Cerame about his self-image, especially around being a father. A followup appointment was scheduled for 3 months.

Alice M. Tariot, M.D.

Cc:    Ms. Cerame

DATE:        August 2, 2004
SERVICE:     phone contact with wife on July 31, 2004 and Ms. Cerame

Patient stopped his Lexapro abruptly several weeks ago and then his Wellbutrin several days ago for unclear reasons. He is now so depressed he can't get out of bed. He hasn't expressed any suicidal ideation and wife feels able to monitor his safely. Both medications were restarted and she was asked to call the office to schedule an appointment.

Alice M. Tariot M.D.

DATE:        August 25, 2004
LENGTH:      30 Minutes, Psychotherapy/Meds Management

Patient was seen with his wife. He is taking Lexapro 20 mg qam and Wellbutrin XL 300 mg qam. He reports that on the day his wife called me, he was upset about lots of things, especially financial issues and something his son did that angered him. He felt despondent and hopeless. By the next day he was feeling significant better. However his wife feels that he was "doing great" before he went off medication, which is part of why he went off (he thought he could do without them) He is also worried about the cost. She thinks he is lower and more irritable when he was off. On MSE he presents as sullen and low. He continues to see himself as appropriately depressed in response to his situation medically and doesn't understand why he is taking medication. We reviewed the many factors that contribute to depression, the need to take medication consistently and not make any changes without talking with me and the need for regular appts. He is seeing Ms. Cerame every other week. We decided that he should stay on medication for now with the possibility of a trial off at some point if he wants, although he also pointed out that before he went on Lexapro and was on Wellbutrin and Effexor XR he was doing poorly. For cost reasons he was switched to Wellbutrin SR 200 mg bid. The dose was increased because he noted that things are going to be very stressful the next month and thought a little more would help. A followup appointment was scheduled for 3 months.

Alice M. Tariot M.D.

Cc:    Ms. Cerame

DATE:        October 27, 2004
LENGTH:      20 Minutes, Psychotherapy/Meds Management

ML0296

## PROGRESS NOTES

2

PATIENT:    Magee, John
DOB:        12-7-59

Patient is taking Lexapro 20 mg qam and Wellbutrin SR 200 mg bid. He remains depressed with frequent crying. He is not suicidal although he has thoughts he would be better off dead. His son is angry at him and he feels he isn't a good role model for him. He would like to try something else. He did well on Celexa 20 mg qam in the past. We decided to decrease Lexapro to 10 mg qam x 1 week then stop. Concurrently, Celexa 20 mg qam x 1 week then 40 mg qam was started. A followup appointment was scheduled for 4-6 weeks.

Alice M. Tariot M.D.

DATE:       December 9, 2004
SERVICE:    phone contact with Dr. Gosline from disability 315-792-2345 Met. Life

His history was reviewed and his disability discussed. My opinion is that he cannot work in any area.

Alice M. Tariot M.D.

DATE:       March 31, 2005
LENGTH:     20 Minutes, Psychotherapy/Meds Management

Patient is taking Celexa 40 mg qam, Wellbutrin SR 200 mg bid and Klonipin 0.5 mg qhs. He felt mood improved at first but over the last few weeks has been worse again, possibly related to a worsening of his chronic fatigue. Sleep has also been disrupted: this is long-standing. We decided to increase his Celexa to 60 mg qam and add Trazodone 50-100 mg qhs for sleep. He is to call in 4-5 weeks to report on his progress with a followup appointment in 2-3 months.

Alice M. Tariot M.D.

DATE:       December 15, 2005
LENGTH:     30 Minutes, Psychotherapy/Meds Management

Patient is taking Celexa 40 mg qam and Buproprion 200 mg qam. He inadvertently lowered his buproprion dose. He feels his mood is stable and he isn't in "that deep dark place anymore." On MSE he seems less angry and said he is coping better with his illness. Imp: stable even with lower dose of buproprion. Plan: no changes. A followup appointment was scheduled for 6 months or sooner if needed.

Alice M. Tariot M.D.

Metropolitan Life Insurance Company

**MetLife®**

**MetLife Disability**
PO Box 14590
Lexington, KY  40511-4590

March 28, 2006

John Magee
71 Ontario St
Honeoye Falls, NY 14472-1123

RE:  **ITT Industries, Inc.**
Long Term Disability
Claim No.: 640407128904
**Group No.: 303299**
**Emp ID No.: 620820**

Dear Mr. Magee:

This is a follow up on our recent letter sent to you dated February 28, 2006, a copy of which is enclosed.

A review of your file indicates that we have yet to receive the current medical information that we requested from your treating physicians.

Please be advised failure to provide the requested information within ten (10) days from receipt of this letter will result in suspension of your benefits. We ask that you include your Long Term Disability claim number **640407128904** on all correspondence submitted to our office. Please note that any cost associated with this request is, as always, the responsibility of the claimant.

Because your claim was denied in whole or in part, you may appeal this decision by sending a written request for appeal to MetLife Disability, PO Box 14592, Lexington KY, 40511-4592 within 180 days after you receive this denial letter.  Please include in your appeal letter the reason(s) you believe the claim was improperly denied, and submit any additional comments, documents, records or other information relating to your claim that you deem appropriate for us to give your appeal proper consideration.  Upon request, MetLife will provide you with a copy of the documents, records, or other information we have that are relevant to your claim and identify any medical or vocational expert(s) whose advice was obtained in connection with your claim.

MetLife will evaluate all the information and advise you of our determination of your appeal within 45 days after we receive your written request for appeal.  If there are special circumstances requiring additional time to complete our review, we may take up to an additional 45 days, but only after notifying you of the special circumstances in writing.  In the event your appeal is denied in whole or in part, you will have the right to bring a civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974.

Sincerely,

Peter Knoth
Case Management Specialist
Met DisAbility
1-800-300-4296 – Phone
1-800-230-9531 – Fax

Enclosure:

Metropolitan Life Insurance Company
**MetLife Disability**, PO Box 14592, Lexington KY 40511-4592
Fax: 1-800-230-9531

# MetLife

## MetLife Disability Appeal Request Form

*Important:* This form must be returned with a request for an appeal review.

**Claim #: 640407128904**

**Employee Name:** JOHN MAGEE

**Employer:** ITT INDUSTRIES, INC.

**Date:** _____

**Report #:** 303299

### Request for Claim Review

**Instructions:** This form should be submitted with any request for a review of our claim decision. You may use the space below to indicate why you believe our claim determination was incorrect. You may attach additional pages or information, if it is pertinent to your request.

ML0299



## OCCUDATA, INC.

Social Security Disability Specialists

March 22, 2006

Financial Index for #640407128904

Mr. Ed Herrin
MetLife Disability
c/o ACS
P. O. Box 14590
Lexington, KY  40511-4590

Re:  Claimant      :  John Magee
     Our File No.  :  OC12945NY

### STATUS REPORT

Dear Mr. Herrin:

We're happy to report that a fully favorable decision dated 3/15/06
has been rendered in the above case based on an application filed
on 7/14/04 with disability commencing 12/12/03. This decision was
based on the evidence in the record without requiring a hearing. A
copy of the Administrative Law Judge's decision is enclosed.

The retroactive benefits should be received within 60 to 90 days.
As soon as we receive an Award Certificate or other evidence of
entitlement, a copy will be forwarded to you.  If you have any
questions in the meantime, please feel free to contact me.

Submitted by:

OCCUDATA, INC.

Margaret Woythal
Case Development Supervisor

MW/skm

Enclosure:  Notice of Favorable Decision (copy)

5700 Broadmoor St., Ste. 310 • Mission, KS 66202-2405 • (913) 262-6555 • FAX (913) 262-4066
Email: dibrep@occudata.com      Website: www.occudata.com

ML0300

Financial Index for #640407128904

## SOCIAL SECURITY ADMINISTRATION

Refer To: 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

Office of Hearings and Appeals
4th Floor
300 Pearl Street
Buffalo, NY 14202

RECEIVED

MAR 2 0 2006

OCCUDATA, INC.

Date: MAR  1 5 2006

John C. Magee, Jr.
71 Ontario St
Honeoye Falls, NY 14472

### NOTICE OF DECISION – FULLY FAVORABLE

I have made the enclosed decision in your case.  Please read this notice and the decision carefully.

### This Decision is Fully Favorable To You

Another office will process the decision and send you a letter about your benefits.  Your local Social Security office or another may first ask you for more information.  If you do not hear anything for 60 days, contact your local office.

### The Appeals Council May Review The Decision On Its Own

The Appeals Council may decide to review my decision even though you do not ask it to do so.  To do that, the Council must mail you a notice about its review within 60 days from the date shown above.  Review at the Council's own motion could make the decision less favorable or unfavorable to you.

### If You Disagree With The Decision

If you believe my decision is not fully favorable to you, or if you disagree with it for any reason, you may file an appeal with the Appeals Council.

### How To File An Appeal

To file an appeal you or your representative must request the Appeals Council to review the decision.  You must make the request in writing.  You may use our Request for Review form, HA-520, or write a letter.

You may file your request at any local Social Security office or a hearing office.  You may also mail your request right to the **Appeals Council, Office of Hearings and Appeals, 5107 Leesburg Pike, Falls Church, VA 22041-3255**.  Please put the Social Security number shown above on any appeal you file.

See Next Page

ML0301

John C. Magee, Jr. (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)                                    Page 2 of 3

## Time To File An Appeal

To file an appeal, you must file your request for review **within 60 days** from the date you get this notice.

The Appeals Council assumes you got the notice 5 days after the date shown above unless you show you did not get it within the 5-day period. The Council will dismiss a late request unless you show you had a good reason for not filing it on time.

## Time To Submit New Evidence

You should submit any new evidence you wish to the Appeals Council to consider **with** your request for review.

## How An Appeal Works

Our regulations state the rules the Appeals Council applies to decide when and how to review a case. These rules appear in the Code of Federal Regulations, Title 20, Chapter III, Part 404, Subpart J.

If you file an appeal, the Council will consider all of my decision, even the parts with which you agree. The Council may review your case for any reason. It **will** review your case if one of the reasons for review listed in our regulations exists. Section 404.970 of the regulations lists these reasons.

Requesting review places the entire record of your case before the Council. Review can make any part of my decision more or less favorable or unfavorable to you.

On review, the Council may itself consider the issues and decide your case. The Council may also send it back to an Administrative Law Judge for a new decision.

## If No Appeal And No Appeals Council Review

If you do not appeal and the Council does not review my decision on its own motion, you will not have a right to court review. My decision will be a final decision that can be changed only under special rules.

**See Next Page**

ML0302

# SOCIAL SECURITY ADMINISTRATION
## Office of Hearings and Appeals

### DECISION

<u>**IN THE CASE OF**</u>

<u>**CLAIM FOR**</u>

John C. Magee, Jr.
_____
(Claimant)

Period of Disability and
Disability Insurance Benefits
_____

_____
(Wage Earner)

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
_____
(Social Security Number)

## INTRODUCTION

On July 14, 2004, the claimant filed an application for Disability Insurance Benefits. The claim was denied initially, and a request for hearing was timely filed on November 22, 2004. Because there is sufficient evidence to establish disability based upon the evidence in the record, an oral hearing was not held. The claimant alleges disability beginning December 12, 2003, due to fibromyalgia, chronic fatigue syndrome, orthostatic hypotension, hypovolumia and an affective disorder. Jean Owen, an attorney, represents the claimant in this matter.

The general issue is whether the claimant is entitled to a period of disability and Disability Insurance Benefits under sections 216(i) and 223 of the Social Security Act. The specific issue is whether he is under a disability, which is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

With respect to the claim for Disability Insurance Benefits, there is an additional issue pertaining to insured status. A review of the claimant's earnings record reveals that he has earned sufficient quarters of coverage to remain insured at least through the date of this decision.

## EVALUATION OF THE EVIDENCE

The claimant is a 46-year-old individual with a college education and past relevant work as a program assurance manager, quality engineer and manufacturing supervisor. He has not engaged in substantial gainful activity at any time since the alleged onset date.

See Next Page

ML0303

0603270015 42

John C. Magee, Jr. (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)                              Page 2 of 5

The claimant has the following medically determinable "severe" impairments: fibromyalgia, chronic fatigue syndrome, orthostatic hypotension, hypovolumia and an affective disorder. The claimant has a long history of diffuse joint and muscle pain, headaches, fatigue, sleep disorder and increasing cognitive difficulties. He also has a history of multiple spinal surgeries. In about 1999 he was diagnosed with chronic fatigue syndrome. In 2003 the claimant experienced a significant increase in symptoms and became depressed. He took an overdose of medication and was hospitalized early in the year. Tests showed that he experienced orthostatic hypotension, vertigo and low blood volume. The blood volume was treated with a month or more of daily saline, administered by IV. There was some improvement in symptoms and the claimant returned to work until December 2003, when symptoms again because overwhelming. At that time he completed a pain and functional limitation questionnaire indicating that he felt very ill and severely limited, to the point that there were days he could not get out of bed. The claimant reported frequent sore throat, muscle and joint pain, forgetfulness, inability to concentrate and headaches. David S. Bell, M.D., stated that the claimant was unable to work.

Psychotherapy was begun with Alice M. Tariot, M.D., in February 2004. She agreed with Dr. Bell that the claimant's depression was secondary to physical pain and illness. The claimant had not worked since December 2003 when he was officially terminated by Kodak in February 2004. Dr. Bell argued that he was entitled to disability benefits because his physical illnesses completely and totally prevented any work. The claimant was considered at risk for suicide because of severe pain and low self esteem. His self-estimate of functioning was set at 10% of normal in the claimant's May 2004 questionnaire.

In July 2004 the claimant indicated that he slept about 14 hours a day but sleep was not restorative and fatigue persisted. He was taking Vicodin, Wellbutrin, Lexapro, Klonopin and Midocrine. About a month later the claimant stopped one or more medications abruptly and became too depressed to get out of bed. Social worker, Carolyn Cerame, LCSW ACSW-R, saw the claimant regularly for therapy and found him to be exceptionally motivated but in too much pain and fatigue to function in any job. In August 2004 she stated that the claimant's appointments were twice a month and he would benefit from more frequent visits but could not manage it because of pain and memory difficulties. Symptoms also included chronic headaches and loss of concentration.

In October 2004 psychologist, John Thomassen, Ph.D., and internist, Peter Haritatos, M.D., examined the claimant on behalf of the Agency. Neither found significant objective evidence to support chronic fatigue or fibromyalgia, which are well-known for not having easily visible clinical signs. Dr. Haritatos identified about 12 positive trigger points, not quite enough for an unequivocal fibromyalgia diagnosis. Even so, both examiners recommended some limitations in complex mental functions as well as lifting, standing, walking, climbing, pushing, pulling and working in bad weather.

Dr. Bell disagreed with outside physicians' conclusions, to the extent that they discounted fibromyalgia and chronic fatigue diagnoses. He pointed out the recognition of those diagnoses as physical disease processes by the CDC and NIH, adding that the claimant could not work because of them. In June 2005 several mental and emotional assessments were performed. Dr. Bell stressed that the claimant was unfamiliar with the tests, their scoring or their application to

See Next Page

John C. Magee, Jr. (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)

his case. His Krupp fatigue score was 56 and his Modified Karnofsky was 25%, both in the disabled range. The "highly reliable" SF-36 test also resulted in marked disability findings. Notably, the claimant's subscores for emotional functioning were above normal. Dr. Bell concluded that those results supported physical illness as the cause of the claimant's severe disability.

In September 2005 Ms Cerame reported "pervasive limits" and marked "poor or none" for all of the items on a mental functioning assessment form. In December 2005 Dr. Bell estimated the claimant's residual functional capacities at well below sedentary work activity. The claimant indicated that he could tolerate one to two hours a day of light activity. Ms. Cerame described the claimant's efforts to function in spite of his illness as "heroic."

The claimant's assertions as to the disabling nature of his symptoms and functional limitations are consistent with the detailed medical findings and are supported by the opinions of the examining and treating physicians. Although the opinions to the contrary of the State Agency review physicians have been given due consideration, the evidence in this case warrants greater weight being placed on the opinions of those physicians who actually examined and/or treated the claimant.

The claimant does not have an impairment that meets or equals the criteria of any listed impairment. A determination must therefore be made of whether he retains the residual functional capacity to perform the requirements of his past relevant work or can adjust to other work.

The evidence supports a finding that the claimant retains the residual functional capacity to lift and carry up to five pounds; sit for three hours a day with frequent breaks; stand and walk for a few minutes at a time and up to one hour a day but can perform very little bending, climbing, crouching, kneeling, pushing or pulling.

In reaching this conclusion, the undersigned has considered the claimant's allegations and has found them credible in light of the consistency of the objective medical evidence, subjective complaints, treating physician opinions and the claimant's good work history.

In his former work in various manufacturing and management jobs, the claimant was required to lift, carry, sit, stand, walk, bend, climb, push or pull in excess of his current capacities.

As the claimant has demonstrated that he lacks the residual functional capacity to perform the requirements of any past relevant work, the burden shifts to the Social Security Administration to show that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medically determinable impairments, functional limitations, age, education and work experience. This determination is made in conjunction with the medical-vocational guidelines of Appendix 2 of Subpart P of the regulations (20 CFR Part 404). Appendix 2 contains a series of rules that direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's age, education, work experience, and residual functional capacity.

See Next Page

John C. Magee, Jr. (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)                                    Page 4 of 5

Born December 7, 1959, the claimant was 44 years old on December 12, 2003. For the purpose of this decision, he is considered to be a younger individual age 45-49. He has a college education and a skilled work background. The claimant's skills are not readily transferable to any job for which he retains the requisite capacities.

The claimant's capacity for the full range of sedentary work is reduced by additional limitations that narrow the range of work he can perform. Routinely, he cannot maintain the minimal sedentary level of exertional activities. In addition, fatigue and/or pain would interfere with maintaining a normal work attendance schedule at least occasionally. A finding of "disabled" may therefore be reached within the framework of medical-vocational rules 201.00(h) and 201.27.

In accordance with a finding that the claimant has been under a disability beginning December 12, 2003, he is entitled to Disability Insurance Benefits on the basis of his application of July 14, 2004.

## FINDINGS

After careful consideration of the entire record, the Administrative Law Judge makes the following findings:

1.  The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits as of the established onset date.

2.  The claimant has not engaged in substantial gainful activity since December 12, 2003.

3.  The medical evidence establishes that the claimant has the following "severe" impairments: fibromyalgia, chronic fatigue syndrome, orthostatic hypotension, hypovolumia and an affective disorder.

4.  The claimant has no impairment that meets or equals the criteria of any impairment listed in Appendix 1, Subpart P, Regulations No. 4.

5.  The claimant's assertions concerning his ability to work are credible.

6.  The claimant retains the residual functional capacity to lift and carry up to five pounds; sit for three hours a day with frequent breaks; stand and walk for a few minutes at a time and up to one hour a day but can perform very little bending, climbing, crouching, kneeling, pushing or pulling.

7.  The claimant is unable to perform the requirements of his past relevant work.

8.  The claimant's residual functional capacity for the full range of sedentary work is reduced by additional limitations.

See Next Page

ML0306

John C. Magee, Jr. (088-54-‑213)                                        Page 5 of 5

9.   On December 12, 2003, the claimant was a younger individual age 45-49.

10.  The claimant has at least a high school education.

11.  The claimant has a skilled work background.  The claimant's skills are not readily transferable to any job for which he retains the requisite capacities.

12.  Considering the claimant's additional limitations, he cannot make an adjustment to any work that exists in significant numbers in the national economy; a finding of disabled is therefore reached within the framework of medical-vocational rules 201.00(h) and 201.27.

13.  The claimant has been under a disability, as defined in the Social Security Act, since December 12, 2003 (20 CFR §404.1520(g)).


## DECISION

It is the decision of the Administrative Law Judge that, based on the application filed on July 14, 2004, the claimant is entitled to a period of disability commencing December 12, 2003, and to Disability Insurance Benefits under sections 216(i) and 223, respectively, of the Social Security Act.


William E. Straub
Administrative Law Judge
MAR 1 5 2006
Date

ML0307