LSK&D #: 564-7015 / 1035042

UNITED DISTRICT COURT OF NEW YORK
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

JOHN MAGEE,                                      **No. 07 CIV 8816 (WHP)**

        Plaintiff, Counterclaim-Defendant,

        -against-

METROPOLITAN LIFE INSURANCE
COMPANY,

        Defendant, Counterclaim-Plaintiff.

-----------------------------------------------------------------x


### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT-COUNTERCLAIM-PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Ian S. Linker
Metropolitan Life Insurance Company
27-01 Queens Plaza North
Long Island City, New York 11101
(212) 578-6809

Allan M. Marcus
Lester Schwab Katz & Dwyer, LLP
120 Broadway
New York, New York 10271-0071
(212) 964-6611

Attorneys for Defendant, Counterclaim-
Plaintiff

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................. ii

PRELIMINARY STATEMENT ............................................................................... 1

FACTS ............................................................................................................ 2

    The Plan ................................................................................................... 2

    Magee's LTD Benefits Claim ........................................................................ 4

ARGUMENT ..................................................................................................... 9

POINT ONE

    The Court Should Review MetLife's Claim Determination Under The
    Arbitrary And Capricious Standard ............................................................... 9

POINT TWO

    Metlife's Claim Decision Was Reasonable And Supported By Substantial
    Evidence In The Administrative Record ....................................................... 10

POINT THREE

    Metlife Is Entitled To Recover The LTD Benefits Overpayment From
    Magee ................................................................................................... 14

CONCLUSION ................................................................................................ 17

i

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### <u>Cases</u>

Abnathya v. Hoffman-LaRoche, Inc., 2 F.3d 40 (3d Cir. 1993) ...................................... 12

Aitkins v. Park Place Entertainment Corp. Employee Benefit Plan, et al., No. 06-CV-
4814 (JFB), 2008 WL 820040 (E.D.N.Y. March 25, 2008) ........................................ 15

Alakozai v. Allstate Ins. Co., No. 98 CV 3720, 2000 WL 325685
(S.D.N.Y. March 18, 2000) ........................................................................................ 12

Barnhardt v. UNUM Life Ins. Co., 179 F.3d 583 (8th Cir. 1999) ................................ 12

Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003) ...................................... 12

Butler v. New York Times Co., No. 03 CV 5978, 2007 WL 703928
(S.D.N.Y. March 7, 2007) .......................................................................................... 13

Davis v. Commercial Bank of New York, 275 F. Supp. 2d 418 (S.D.N.Y. 2003) ............. 9

Dillard's Inc. v. Liberty Life Assur. Co. of Boston, 456 F.3d 894 (8th Cir. 2006) ............ 15

Donato v. Metropolitan Life Ins. Co., 19 F.3d 375 (7th Cir. 1994) ................................. 14

Fedderwitz v. Metropolitan Life Ins. Co., No. 05 CIV 10193 (BSJ),
2007 WL 2846365 (S.D.N.Y. Sept. 27, 2007) ...................................................... 13, 15

Fick v. Metropolitan Life Ins. Co., 347 F. Supp. 2d 1271 (S.D. Fla. 2004) ..................... 16

Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989) ........................................... 9

Fitzpatrick v. Bayer Corp., No. 04 CV 5134 (RJS), 2008 WL 169318
(S.D.N.Y. Jan. 17, 2008) ........................................................................................... 13

Fregeau v. Life Ins. Co. of N.A., No. 06 CV 5097, 2007 U.S. Dist. LEXIS 38167
(N.D. Ill. May 25, 2008) ............................................................................................ 15

Goodman v. S&A Restaurant Corp., 821 F. Supp. 1139 (S.D. Miss. 1993) ................... 13

Hercules, Inc. v. Pages, 814 F. Supp. 79 (M.D. Fla. 1993) ........................................... 16

Jordan v. Retirement Comm. of Rensselaer Polytechnic Instit., 46 F.3d 1264
(2d Cir. 1995) ............................................................................................................... 9

Maniatty v. Unum Provident Corp., 218 F. Supp. 2d 500 (S.D.N.Y. 2002) ................... 13

Marsteller v. Life Ins. Co. of N.A., 24 F. Supp. 2d 593 (W.D. Va. 1998) ....................... 12

Miller v. United Welfare Fund, 72 F.3d 1066 (2d Cir. 1995) ............................................ 9

Pagan v. NYNEX Pension Plan, 52 F.3d 438 (2d Cir. 1995) ................................... 9, 14

Peterson v. Continental Cas. Co., 282 F.3d 112 (2d Cir. 2002) ...................................... 9

Scannell v. Metropolitan Life Ins. Co., No. 03 CV 990, 2003 WL 22722954

LESTER SCHWAB KATZ & DWYER • 120 BROADWAY • NEW YORK, N.Y. 10271-0071

(S.D.N.Y. Nov. 18, 2003) ...................................................................12, 13

Sereboff v. MidAtlantic Medical Servs., Inc., 547 U.S. 356, 126 S. Ct. 1869 (2006)......15

Sweatman v. Commercial Union Ins. Co., 39 F.3d 594 (5th Cir. 1994) ........................12

Todd v. Aetna Health Plan, 62 F. Supp. 2d 909 (E.D.N.Y. 1999) ..................................10

Unum Life Ins. Co. of Am. v. Lynch, No. 04 CV 9007 (CLB), 2006 U.S. Dist. LEXIS
    7160 (S.D.N.Y. Jan. 31, 2006)...........................................................................15, 16

Vlass v. Raytheon Employees Disability Trust, 244 F.3d 27 (1st Cir. 2001)..................13

Wojciechowski v. Metropolitan Life Ins. Co., 1 Fed. Appx. 77, 2001 WL 38265
    (2d Cir. Jan. 12, 2001) ...........................................................................................10

## **Statutes**

29 U.S.C. §§ 1001 ...........................................................................................................1

29 U.S.C. § 1132(a)(3)(B)...............................................................................................14

**LESTER SCHWAB KATZ & DWYER**  •  120 BROADWAY  •  NEW YORK, N.Y. 10271-0071

Defendant and Counterclaim-Plaintiff Metropolitan Life Insurance Company ("MetLife") respectfully submits this Memorandum of Law in Support of its Motion for Summary Judgment.

## PRELIMINARY STATEMENT

This lawsuit concerns plaintiff John Magee's claim for long-term disability ("LTD") benefits provided by the Eastman Kodak Company ("Kodak") LTD Plan (the "Plan"), an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq.

Magee was employed by Kodak as a Program Assurance Manager (a sedentary job) and was a participant in the Plan. Magee applied and was approved by MetLife, the Plan's claims administrator, for LTD benefits effective September 2004 on the basis of diagnoses of chronic fatigue syndrome ("CFS") and depression.

On the basis of (i) a report by an independent physician consultant ("IPC"), Board certified in rheumatology, who opined that there was no objective medical evidence to support Magee's reported symptoms or a disabling functional impairment due to CFS, and (ii) Magee's treating physician's report discounting depression as a basis for Magee's alleged disability, MetLife determined that Magee was no longer entitled to LTD benefits effective August 2006.

As part of its review of Magee's appeal, MetLife had the administrative claim file evaluated by another IPC, Board certified in infectious diseases, who found no objective medical evidence to support Magee's reported symptoms of muscle and joint pain and cognitive dysfunction and opined that Magee was no longer precluded from working. MetLife upheld its decision to terminate Magee's LTD benefits on the basis of insufficient medical evidence to support a continuing disabling functional impairment.

1

The Plan endows MetLife with discretionary authority to determine eligibility for benefits and to interpret Plan terms. Thus, the deferential arbitrary and capricious standard applies to the judicial review of MetLife's claim determination. Because MetLife's decision was reasonable and based on substantial evidence in the administrative claim file, including the opinions of two IPCs, it should be upheld by the Court, which should grant summary judgment in MetLife's favor.

Moreover, the Plan provides that LTD benefits are reduced by the amount of other income benefits, including Social Security Disability Income ("SSDI") benefits. In April 2006, Magee was retroactively awarded SSDI benefits, thus generating an overpayment of LTD benefits. When Magee's LTD benefits were terminated, he still owed $16,832.21 as an overpayment of LTD benefits. The Court should therefore grant MetLife summary judgment on its counterclaim for recovery of the overpayment.

## FACTS

### The Plan

Kodak established and maintains the Plan to provide LTD benefits to its eligible employees. (Affidavit of Timothy Suter ("Suter Aff.") ¶ 4, Ex. B (Summary Plan Description ("SPD")), ML 611[1],[2]. The Plan is an employee welfare benefit plan governed by ERISA. (Id., SPD, ML 565) The Plan is self-funded by Kodak. (Id.) MetLife is the Plan's claims administrator pursuant to an Administrative Services

---

[1] "ML____" refers to the Bates-stamped page numbers of the Exhibits. The zeros preceding the number have been omitted.
[2] Subsequent to the commencement of Magee's claim, Kodak was purchased by ITT. The Plan is described in some documents in the Administrative Claim File as the ITT Plan. (See id., ¶ 3, Ex. A. (Claim File), ML 51.)

2

Agreement ("ASA"), but does not insure Plan benefits.  (Id., ¶ 2, SPD, ML 565; ¶ 6, Ex. D ("ASA"), ML 588-94)

The Plan defines "Claims Administrator" as: "a person who has entered into an administrative services agreement with Kodak in accordance with which such person is responsible for the administration of claims ...."  (Id., Plan Document, ML 568)  The Plan designates MetLife as its Claims Administrator and grants MetLife discretionary authority to determine eligibility for and entitlement to LTD benefits.  (Id., Ex. C ("Plan Document"), ML 585)  The Plan states that:

> In reviewing any claim, the Plan Administrator or his designated representative shall have full discretionary authority to determine all questions arising in the administration, interpretation, and application of the Plan, including any ambiguities in Plan language.  In all such cases, the decision of the Plan Administrator or his designated representative shall be final and binding upon all parties.

(Id., Plan Document, ML 586)

The SPD states:

> The plan administrator's authority is fully discretionary in all matters related to the discharge of his or her responsibilities and the exercise of his or her authority under the Plan including, without limitation, his or her construction of the terms of the Plan and his or her determination of eligibility for coverage and benefits. Under some plans, the plan administrator delegated his or her authority to a claims administrator....
>
> It is the intent of each plan that the decision of the plan administrator (or the party to whom the decision-making authority was delegated), and his or her actions with respect to the plan, will be conclusive and binding upon all persons having or claiming to have any right or interest in or under the plan, and that no such decision or action will be modified upon judicial review unless such decision or action is proven to be arbitrary or capricious.

3

(<u>Id</u>., SPD, ML 615)

Furthermore, the Plan provides that "[c]laims for LTD Plan benefits are administered by MetLife," that MetLife determines whether an employee is eligible for LTD benefits, that "[y]our continued eligibility for LTD benefits is periodically reviewed by MetLife," and that "[i]f MetLife determines that you are no longer eligible for LTD benefits, your benefits will be terminated." (<u>Id</u>., SPD, ML 555, 556, 559 and 562)

The ASA describes MetLife as the "Named ERISA Claims Review Fiduciary." (<u>Id</u>., ASA, ML 594)

The Plan defines "Disabled," in pertinent part, as: "As a result of your condition, you are totally and continually unable to engage in gainful work …. 'Gainful work' is paid employment for which you are (or you become) reasonably qualified by education, training, or experience, as determined by MetLife." (<u>Id</u>., SPD, ML 556) To be "Disabled," a participant must also be under the care of a licensed physician and the participant's condition must have lasted 26 weeks or more. (<u>Id</u>.) The SPD advises participants that "[b]efore you receive any LTD benefits, MetLife must approve your claim." (<u>Id</u>., SPD, 559)

The Plan provides that LTD benefits are reduced by Social Security Disability Income ("SSDI") benefits. (<u>Id</u>., SPD, ML 560-61) If LTD benefits were overpaid due to a retroactive award of SSDI benefits, the participant is obligated to repay the overpayment. (<u>Id</u>., SPD, ML 561)

**<u>Magee's LTD Benefits Claim</u>**

Magee (date of birth December 27, 1959) was employed by Kodak as a Program Assurance Manager, which was classified as a sedentary job. (Suter Aff., ¶ 3, Ex. A

4

("Claim File"), ML 544, 536-38)  He has a B.S. in engineering.  (Id., Claim File, ML 536, 541)  Magee applied and was approved for LTD benefits effective September 2004 on the basis of diagnoses of CFS and depression.  (Id., Claim File, ML 544-45, 409)

Magee signed an agreement to reimburse the Plan if he received SSDI retroactively or other income benefits which the Plan provides are offsets to LTD benefits.  (Id., Claim File, ML 543)  In return, Magee received his full LTD benefits without estimated offsets.

In the course of its continuing review of Magee's claim, MetLife had the file evaluated by two IPCs: Dr. Amy Hopkins (Board certified in internal and occupational medicine) and Dr. Ernest Goseline (Board certified psychiatrist).  In a report dated November 5, 2004, Dr. Hopkins opined that Magee's CFS diagnosis was unsubstantiated and found no objective medical evidence to support the symptoms Magee reported.  (Id., Claim File, ML 384-86)  MetLife sent Dr. Hopkins' report to Dr. David Bell, Magee's treating physician, a pediatrician, who claimed expertise in treating CFS.  (Id., Claim File, ML 392) Dr. Bell disagreed with Dr. Hopkins and opined that Magee's CFS condition was debilitating.  (Id., Claim File, ML 397)

In a report dated December 13, 2004, Dr. Goseline opined that Magee was disabled due to depression.  (Id., Claim File, ML 365-67)

MetLife approved Magee's disability benefits claim through August 2006.  (Id., Claim File, ML 20)

LESTER SCHWAB KATZ & DWYER • 120 BROADWAY • NEW YORK, N.Y. 10271-0071

After initially denying Magee's claim,[3] the Social Security Administration (SSA) notified Magee in April 2006 that it had awarded SSDI benefits (both primary and dependent) retroactive to June 2004.[4]   (Id., Claim File, ML 301-07) The retroactive award of SSDI benefits generated an overpayment of LTD benefits.   (See id., Claim File, ML 229-263, 265, 280-81.)

Based on information received in April 2006 from Dr. Alice Tariot, Magee's treating psychiatrist, documenting Magee's improved psychiatric condition, MetLife found that Magee's mental condition appeared stable in December 2005 (the date of Dr. Tariot's last progress note) and his diagnosis of major depression was no longer severe enough to be disabling.  (Id., Claim File, ML 296-97, 32, 34)  MetLife's nurse consultant recommended a review by an IPC with respect to the CFS diagnosis.  (Id., Claim File, ML 34)

MetLife sent the file to IPC Dr. Dennis Payne, Board certified in rheumatology and internal medicine, for an evaluation.  As part of his review, Dr. Payne conducted a teleconference with Dr. Bell,  who admitted that he had found no objective findings of muscle and joint damage to substantiate Magee's reported symptoms.  In his report dated May 3, 2006, Dr. Payne observed that the CFS diagnosis was based entirely on subjective symptomology and that no objective medical evidence supported Magee's claimed inability to work.  (Id., Claim File, ML 269-72)  MetLife sent Dr. Payne's report to

---

[3] The SSA sent Magee a Notice of Disapproved Claim dated November 12, 2004, stating: "We have determined that your condition is not severe enough to keep you from working." (Id., Claim File, ML 378-81)
[4] Although granting SSDI benefits, the SSA's decision letter noted that both a psychologist and internist who each examined Magee on behalf of the SSA "found [no] significant objective evidence to support chronic fatigue or fibromyalgia …." (Id., Claim File, ML 304)

LESTER SCHWAB KATZ & DWYER • 120 BROADWAY • NEW YORK, N.Y. 10271-0071

Dr. Bell for comment. (<u>Id</u>., Claim File, ML 267)  Dr. Bell replied by letter dated May 15, 2006, disagreeing with Dr. Payne's opinion that Magee was able to work and reaffirming Magee's CFS diagnosis. (<u>Id</u>., Claim File, ML 264)

Dr. Payne reviewed Dr. Bell's letter and tried unsuccessfully to contact him again. Dr. Payne reaffirmed his opinion that Magee was not disabled, noting that Dr. Bell had not submitted any additional information regarding objective findings to support "any degree of disability present in Mr. Magee." "[E]ven with a syndrome, as with a well defined illness or disease," Dr. Payne stated, "there must be objective measures that support functional restrictions or limitations...." (<u>Id</u>., Claim File, ML 224-25)

By letter dated July 11, 2006, MetLife informed Magee that his benefits were being terminated effective August 2006. (<u>Id</u>., Claim File, ML 218-20)  MetLife's letter informed Magee of his right to appeal the determination. (<u>Id</u>.)

Magee requested a copy of the claim file, which was sent to him on or about August 15, 2006. (<u>Id</u>., Claim File, ML 209)  He filed an appeal in December 2006 (<u>id</u>., Claim File, ML 205-06) and submitted additional information. (<u>See id</u>., ML 121-199.)

MetLife sent the file, including the additional submissions from Magee, for evaluation to another IPC, Dr. Joel Maslow, Board certified in infectious diseases and internal medicine.  In a report dated March 22, 2007 (<u>id</u>., Claim File, ML 109-14), Dr. Maslow noted that, in a teleconference, Dr. Bell stated that depression was not the cause of Magee's disabling symptoms. Dr. Bell again opined that Magee was unable to function except for about two hours each day due to CFS. (<u>Id</u>., Claim File, ML 109)  Dr. Maslow stated that, as the CFS diagnosis was one of exclusion, and Dr. Bell had not excluded depression, for which Magee had received treatment, as a cause of his

symptoms, "Mr. Magee does not meet the criteria for this syndrome." (Id., Claim File, ML 113)  Dr. Maslow further noted: "Many of the symptoms said to be affecting the claimant are not supported by objective evidence such as physical exam with normal musculoskeletal findings and no cognitive dysfunction on exam."  (Id.)  Dr. Maslow opined that, based on the medical documentation,  Magee was not functionally impaired from working at a sedentary job. (Id.)

Based on the entirety of medical evidence in the claim file, MetLife determined to uphold its decision to terminate Magee's LTD benefits.  (See id., Claim File, ML 78-83.) In its letter dated May 7, 2007, MetLife stated that it based its determination on the lack of medical documentation supporting claimed functional limitations or restrictions beyond August 31, 2006.  In particular, MetLife noted that Magee was no longer being treated for depression (one of his initial diagnoses and the basis for the initial approval of his disability claim) and, in fact, Dr. Bell had indicated that depression was not causing any disabling symptoms; that physical exams detected no musculoskeletal problems; and that tests found no cognitive deficits.  (Id.)

With respect to the overpayment of LTD benefits due to Magee's receipt of retroactive SSDI benefits, MetLife informed him by letter dated May 11, 2007 that the $16,831.21 balance of the overpayment remained outstanding.[5]  (Id., Claim File, ML 71)

---

[5]  The original overpayment amount was $51,886.21, but Magee repaid all but $16,831.21.  (See id., Claim File, ML 280-81, 70, 226.)

LESTER SCHWAB KATZ & DWYER • 120 BROADWAY • NEW YORK, N.Y. 10271-0071

**ARGUMENT**

**POINT ONE**

**The Court Should Review MetLife's Claim Determination Under The Arbitrary And Capricious Standard**

Where, as in this case (see supra, p. 4), an ERISA-regulated plan grants the administrator discretionary authority to determine eligibility for benefits and construe the terms of the plan, the Court reviews the administrator's benefits determination under the arbitrary and capricious standard. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). See also Pagan v. NYNEX Pension Plan, 52 F.3d 438, 441 (2d Cir. 1995) ("where the written plan documents confer upon a plan administrator the discretionary authority to determine eligibility [for benefits, the court] will not disturb the administrator's ultimate conclusion unless it is 'arbitrary and capricious'").

It is well-established that "courts have a narrow role in reviewing discretionary acts of ERISA plan administrators." Peterson v. Continental Cas. Co., 282 F.3d 112, 117 (2d Cir. 2002). As the Second Circuit has explained:

> [W]e may overturn a decision to deny benefits only if it is "without reason, unsupported by substantial evidence or erroneous as a matter of law." . . . This scope of review is narrow, thus we are not free to substitute our own judgment for that of the [administrator] as if we were considering the issue of eligibility anew.

Pagan, 52 F.3d at 442 (citations omitted). See also Jordan v. Retirement Comm. of Rensselaer Polytechnic Instit., 46 F.3d 1264, 1271 (2d Cir. 1995) ("The arbitrary and capricious standard of review is highly deferential to a plan administrator . . . The Court may not upset a reasonable interpretation by the administrator."); Davis v. Commercial Bank of New York, 275 F. Supp. 2d 418, 425 (S.D.N.Y. 2003) (holding that

LESTER SCHWAB KATZ & DWYER • 120 BROADWAY • NEW YORK, N.Y. 10271-0071

administrator's "decision will be upheld unless it is not grounded on <u>any</u> reasonable basis") (citation omitted) (emphasis in original).

In determining whether claim determinations are arbitrary and capricious, a district court limits its review to the administrative record. <u>See</u> <u>Miller v. United Welfare Fund</u>, 72 F.3d 1066, 1072 (2d Cir. 1995). <u>See also</u> <u>Todd v. Aetna Health Plan</u>, 62 F. Supp. 2d 909, 913 (E.D.N.Y. 1999) ("When reviewing a denial of benefits, the district court may consider only the administrative record that was before the plan administrator at the time of the decision"), <u>aff'd</u>, 31 Fed. Appx. 13 (2d Cir. 2002).

### POINT TWO

**Metlife's Claim Decision Was Reasonable And Supported By Substantial Evidence In The Administrative Record**

In adjudicating Magee's LTD claim, MetLife was presented with some conflicting medical evidence regarding the extent of his functional capacity for the period after August 2006. Thus, applying the legal principles described in Point One above, the issue on a motion for summary judgment is whether MetLife's decision resolving that conflict and determining that Magee was not entitled to continued LTD benefits was arbitrary and capricious. <u>See</u> <u>Wojciechowski v. Metropolitan Life Ins. Co.</u>, 1 Fed. Appx. 77, 79, 2001 WL 38265, at *1 (2d Cir. Jan. 12, 2001).

A review of the administrative record demonstrates that it was not; rather, MetLife's review was reasoned and well-supported by substantial evidence in the record. Specifically, the following evidence supported MetLife's claim decision:

- IPC Dr. Dennis Payne, Board certified in rheumatology and internal medicine, after reviewing the medical records and conducting a teleconference with treating physician Dr. Bell, opined that no objective

LESTER SCHWAB KATZ & DWYER • 120 BROADWAY • NEW YORK, N.Y. 10271-0071

medical evidence supported Magee's claimed disabling functional limitations. (Suter Aff., Claim File, ML 269-72, 224-25)

- IPC Dr. Joel Maslow, Board certified in infectious diseases and internal medicine, after reviewing the medical records and conducting a teleconference with Dr. Bell, opined that objective medical evidence did not support functional impairment, rather, physical exams and mental tests found no musculoskeletal problems and no cognitive deficits. (Id., Claim File, ML 109-14.)

- Treating psychiatrist Dr. Tariot noted in December 2005 that Magee's mental condition had improved. (Id., Claim File, ML 296-97, 32, 34) There was no further documentation of any treatment of Magee by a mental health provider beyond December 2005. (Id., Claim File, ML 60)

- Treating physician Dr. Bell stated that depression was not the cause of Magee's disabling symptoms. (Id., Claim File, ML 109)

- In a telephone conversation with Magee on April 23, 2007, MetLife inquired whether he was still being treated by a "psychiatrist, psychologist, therapist or anyone else of this nature." MetLife noted that Magee replied he was not; he had been "discharged from their care awhile ago." (Id., Claim File, ML 65)

On the basis of the above substantial medical evidence, it was reasonable for MetLife to determine that Magee had not presented satisfactory proof of his inability to work in his job as of August 2006, and that he was therefore no longer entitled to LTD benefits.

Nor was it unreasonable for MetLife to credit the opinions of independent physician consultants, Board certified in relevant medical areas, who found that there was insufficient medical evidence to support a claim of disabling functional impairment. The U.S. Supreme Court has held that ERISA-plan administrators are not required "to accord special weight to the opinions of a claimant's physician; nor may courts impose on plan administrators a discrete burden of explanation when they credit reliable evidence that conflicts with a treating physician's evaluation." Black & Decker Disability Plan v. Nord, 538 U.S. 822, 834 (2003). See also Barnhardt v. UNUM Life Ins. Co., 179 F.3d 583, 589 (8th Cir. 1999) ("UNUM acted prudently on behalf of all beneficiaries by not accepting at face value the medical evidence submitted by Barnhardt.")

Numerous courts have held that it is not arbitrary and capricious for claim administrators to credit the opinions of independent reviewing physicians. See, e.g., Sweatman v. Commercial Union Ins. Co., 39 F.3d 594, 602-603 (5th Cir. 1994) (holding that it was not arbitrary and capricious to rely on opinions of independent consultants who conducted file reviews); Abnathya v. Hoffman-LaRoche, Inc., 2 F.3d 40, 47 (3d Cir. 1993) (holding that it was not unreasonable to terminate disability benefits based on independent evaluations by doctors chosen by the plan rather than relying on reports of claimant's treating physicians); Scannell v. Metropolitan Life Ins. Co., No. 03 CV 990, 2003 WL 22722954, at *5 (S.D.N.Y. Nov. 18, 2003) (holding that it was not arbitrary and capricious to rely on opinions of independent medical reviewers); Alakozai v. Allstate Ins. Co., No. 98 CV 3720, 2000 WL 325685, at * 7 (S.D.N.Y. March 18, 2000) (holding that administrator's reliance on opinion of independent medical reviewers rather than that of treating physician was not arbitrary and capricious); Marsteller v. Life Ins. Co. of

LESTER SCHWAB KATZ & DWYER  •  120 BROADWAY  •  NEW YORK, N.Y. 10271-0071

N.A., 24 F. Supp. 2d 593, 596 (W.D. Va. 1998) ("[I]t is not unreasonable. . . for a plan administrator to give greater weight to its own consultants' determinations rather than to the recommendations of the beneficiary's own doctor." [emphasis in original]).

The fact that there is conflicting evidence about whether Magee was disabled (and there will always be conflicting evidence in cases of this type) does not mean that MetLife's decision should be judged arbitrary or capricious. Indeed, critically assessing such evidence is precisely MetLife's role as a claim fiduciary. See, e.g., Butler v. New York Times Co., No. 03 CV 5978, 2007 WL 703928, at *5-6 (S.D.N.Y. March 7, 2007) (holding that, even if administrator credited treating physician's report, "there was reliable conflicting evidence supporting its final, contrary decision"); Vlass v. Raytheon Employees Disability Trust, 244 F.3d 27, 32 (1st Cir. 2001) ("It is the responsibility of the Administrator to weigh conflicting evidence."); Goodman v. S&A Restaurant Corp., 821 F. Supp. 1139 (S.D. Miss. 1993) (where ERISA determination rests on conflicting facts, as well as issues of credibility, it is role of administrator to resolve those issues).

Moreover, it is within MetLife's discretion under the terms of the Plan to require objective medical evidence of disability rather than simply accepting the opinion of a claimant's physician or a claimant's subjective complaints. See, e.g., Fitzpatrick v. Bayer Corp., No. 04 CV 5134 (RJS), 2008 WL 169318, at *10-12 (S.D.N.Y. Jan. 17, 2008) (holding that administrator properly required objective medical evidence in case where plaintiff diagnosed with fibromyalgia and CFS); Fedderwitz v. Metropolitan Life Ins. Co., No. 05 CIV 10193 (BSJ), 2007 WL 2846365, at *9 (S.D.N.Y. Sept. 27, 2007) ("courts in this Circuit have declined to find unreasonable a decision in favor of objective over subjective medical evidence"); Scannell, 2003 WL 22722954, at *5 ("It is not

13

unreasonable for MetLife to require objective evidence as proof of total disability, particularly because MetLife has discretionary authority to interpret the terms of the plan."); Maniatty v. UnumProvident Corp., 218 F. Supp. 2d 500, 504-05 (S.D.N.Y. 2002) (holding that, since "the very concept of proof connotes objectivity, …. It is hardly unreasonable for the administrator to require an objective component to such proof [of continued disability].").

MetLife's reasoned decision to terminate Magee's claim should be accorded the deference to which it is entitled.   See, e.g., Pagan, 52 F.3d at 443 ("where it is necessary for reviewing court to choose between two competing yet reasonable interpretations. . .this Court must accept that offered by the administrators."); Donato v. Metropolitan Life Ins. Co., 19 F.3d 375, 380 (7th Cir. 1994) (upholding claim denial where administrator's decision came down to "permissible choice" between opinions of independent medical consultant and plaintiff's treating healthcare providers.)  Therefore, this Court should uphold MetLife's claim determination.

**POINT THREE**

**Metlife Is Entitled To Recover The LTD Benefits Overpayment From Magee**

The Plan specifically provides that any LTD benefits payable under the Plan must be offset by other income benefits, including SSDI. (See Suter Aff., SPD, ML 560-61.)  It further provides that Plan participants must repay any overpayments based upon retroactive awards of benefits from the SSA. (Id., SPD, ML 561)  Thus, although MetLife advanced benefits under the Plan, the Plan provides, and Magee specifically agreed by signing a Reimbursement Agreement, that any retroactive payments for benefits paid by the SSA would be promptly repaid. (See id., Claim File, ML 543.)

14

In April 2006, Magee was awarded SSDI benefits retroactive to June 2004. (Id., Claim File, ML 301-07)    Because of the retroactive SSDI benefits award, an overpayment of LTD benefits in the amount of $51,886.27 was generated, of which $16,832.21 remains unreimbursed. (See id., Claim File, ML 280-81, 70.)

ERISA empowers a fiduciary of the Plan such as MetLife to obtain appropriate equitable relief to enforce the terms of a Plan. 29 U.S.C. § 1132(a)(3)(B). Accordingly, the Plan, through its claim fiduciary MetLife, is entitled to recover the LTD benefits advanced to Magee in the amount of $16,832.21. Thus, the Plan is entitled to an Order imposing a constructive trust on the overpayment amount or granting other equitable relief. Sereboff v. MidAtlantic Medical Servs., Inc., 547 U.S. 356, 126 S. Ct. 1869, 1874 (2006).  See, e.g., Aitkins v. Park Place Entertainment Corp. Employee Benefit Plan, et al., No. 06-CV-4814 (JFB), 2008 WL 820040, at *24 (E.D.N.Y. March 25, 2008) (holding that plaintiff must reimburse Plan for overpayment of disability benefits that resulted from plaintiff's award of Social Security benefits); Fedderwitz, 2007 WL 2846365, at *11 (holding that ERISA fiduciary entitled to recover overpayment of LTD benefits created by retroactive award of SSDI benefits); Unum Life Ins. Co. of Am. v. Lynch, No. 04 Civ. 9007 (CLB), 2006 U.S. Dist. LEXIS 7160, at *7-9 (S.D.N.Y. Jan. 31, 2006) (finding valid claim for equitable relief where fiduciary sought reimbursement of overpaid disability benefits pursuant to repayment provision in plan from participant who had also received SSDI benefits and signed reimbursement agreement); Dillard's Inc. v. Liberty Life Assur. Co. of Boston, 456 F.3d 894, 900-01 (8th Cir. 2006) (holding that insurer entitled to equitable relief in form of reimbursement of overpayment due to employee's receipt of Social Security benefits); Fregeau v. Life Ins. Co. of N.A., No. 06 C 5097, 2007 U.S.

Dist. LEXIS 38617, at *10-11 (N.D. III. May 25, 2007) (holding that overpayment of disability benefits paid to plaintiff could be recovered under ERISA Section 502(a)(3) and that reimbursement agreement executed by plaintiff created equitable lien).

In the alternative, MetLife is entitled to judgment in its favor under the doctrine of unjust enrichment. A court in this circuit has recognized a claim for unjust enrichment for overpayment of benefits under an ERISA plan. See Lynch, 2006 U.S. Dist. LEXIS 7160, at *7-9. In that case, like this one, the participant had agreed to reimburse the fiduciary for overpaid disability benefits resulting from receipt of a retroactive SSDI award. The court granted summary judgment for defendants on claim of unjust enrichment for an overpayment equal to the amount of plan benefits advanced by the plan fiduciary prior to the award of SSDI benefits. Because MetLife likewise relied upon Magee's agreement to repay LTD benefits advanced to her during the pendency of his SSA claim, rather than reducing his benefits under the Plan based upon an estimate of benefits anticipated from the SSA, it would be unjust to allow Magee to retain these benefits. See Lynch, 2006 U.S. Dist. LEXIS 7160, at *7-9. See also Hercules, Inc. v. Pages, 814 F. Supp. 79, 80-81 (M.D. Fla. 1993); Fick v. Metropolitan Life Ins. Co., 347 F. Supp. 2d 1271, 1288-89 (S.D. Fla. 2004).

Thus, MetLife is entitled to reimbursement for the full unpaid balance of the retroactive SSDI benefits award attributable for the period from June 2004 through April 2006. The Court should therefore grant summary judgment in MetLife's favor on its counterclaim for recovery of the overpayment of LTD benefits.

## CONCLUSION

For the reasons discussed above, the Court should grant Defendant-Counterclaim-Plaintiff's summary judgment motion upholding MetLife's LTD benefits claim determination. The Court should also grant summary judgment for MetLife on its claim for reimbursement of the benefits overpayment unjustly retained by Plaintiff-Counterclaim-Defendant.

Dated:      New York, New York
            September 2, 2008

                              Respectfully submitted,

                              Ian S. Linker (IL-7765)
                              METROPOLITAN LIFE INSURANCE COMPANY
                              27-01 Queens Plaza North
                              Long Island City, New York 11101
                              (212) 578-6809

                              Allan M. Marcus (AM-9027)
                              LESTER SCHWAB KATZ & DWYER, LLP
                              120 Broadway
                              New York, New York 11101
                              (212) 964-6611

                              Attorneys for Defendant, Counterclaim-Plaintiff
                              Metropolitan Life Insurance Company

TO:

Jason Newfield, Esq.
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue
Garden City, NY 11530
Attorneys for Plaintiff, Counterclaim-Defendant