**LSK&D #: 564-6028 / 858488**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

MELINDA ASUNCION,

                                    Plaintiff,

             -against-

METROPOLITAN LIFE INSURANCE
COMPANY,

                                    Defendant.

------------------------------------------------------------------x

**No. 06-CV-13144 (SAS)**

**DEFENDANT'S
RESPONSES TO
REQUEST FOR
ADMISSIONS**

       Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Metropolitan Life Insurance Company ("MetLife"), by its attorneys Lester Schwab Katz & Dwyer, LLP, responds to Plaintiff's Request for Admissions as follows:

<u>GENERAL OBJECTIONS</u>

       The following general objections apply to and are expressly made part of Defendant's specific responses set forth below:

       A.     Defendant objects to Plaintiff's Request for Admissions to the extent that it seeks disclosure of information beyond the scope of permissible discovery under the Federal Rules of Civil Procedures and the Local Rules of the Court.

       B.     Defendant objects to Plaintiff's Request for Admissions to the extent that they require the disclosure of information that is protected by attorney-client privilege, attorney work-product privilege, attorney self-evaluation privilege, or which is otherwise immune from discovery.

       C.     Defendant objects to Plaintiff's Request for Admissions to the extent that it seeks information exceeding the limited scope of discovery permitted in a litigation

involving a claim for ERISA-plan benefits reviewable by the Court under the arbitrary and capricious standard.

      D.    Defendant objects to Plaintiff's Request for Admissions to the extent that it seeks information not relevant to the subject matter of the action and not reasonably calculated to lead to the discovery of admissible evidence.

## SPECIFIC RESPONSES

### Request No. 1

Admit/deny that the definition of disability governing Plaintiff's claim is whether:

> "You are totally disabled if you are unable to perform all the regular duties of the Merrill Lynch job you had before the disability began and are under the continuous care of a doctor . . . "

### Response to No. 1

Admit only that the above-quoted material is from Merrill Lynch's 2001 Summary Plan Description ("SPD"); deny otherwise. Plaintiff's claim is governed by all the terms and conditions of the Merrill Lynch Disability Plan.

### Request No. 2

Admit/deny that the above definition required Defendant to analyze the specific job that Plaintiff was performing when she became disabled.

### Response to No. 2

MetLife objects to this request as vague and ambiguous. It is unclear what is meant by "analyze". Without waiving its objections, to the extent an answer is required, MetLife admits it received a copy of plaintiff's job description from Merrill Lynch and that said job description was considered in the evaluation of plaintiff's claim.

2

**Request No. 3**

Admit/deny that Plaintiff, in the context of her claims for benefits, provided Defendant with an articulation of her specific job responsibilities and duties.

**Response to No. 3**

Admit that plaintiff submitted a job description from an unknown source. MetLife also received a job description directly from plaintiff's employer.

**Request No. 4**

Admit/deny that Defendant's written claims procedures for the disability claim review process are contained within its CMG, also known as Claim Management Guidelines.

**Response to No. 4**

Admit that claims procedures are contained in the CMG. Deny that these procedures were relied upon in adjudicating plaintiff's claim.

**Request No. 5**

Admit/deny that the CMG is the sole source of written claims procedures regarding the disability claim review process.

**Response to No. 5**

Deny. MetLife objects to this request as irrelevant and unlikely to lead to admissible evidence under ERISA. To the extent that a response is required, without waiving its objections, MetLife denies. MetLife further states that general claims procedures are included in the CMG and that the applicable Summary Plan Description contains claim procedures for Merrill Lynch's disability plan.

**Request No. 6**

Admit/deny that the CMG serves as the claim procedure within the meaning of 29 § CFR 2560.503-1.

3

**Response to No. 6**

MetLife objects to this request as vague ambiguous and overbroad.  Without waiving its objections, MetLife denies.

**Request No. 7**

Admit/deny that the duties of Plaintiff's Merrill Lynch job required both domestic and international travel.

**Response to No. 7**

Deny that the job description provided by Merrill Lynch requires either domestic or international travel.  A job description submitted by plaintiff from an unknown source did include domestic and international travel as a requirement.

**Request No. 8**

Admit/deny that the performance of Plaintiff's Merrill Lynch job required both physical capacity and cognitive ability.

**Response to No. 8**

MetLife objects to this request as vague and ambiguous.  It is unclear what is meant by "physical capacity" and "cognitive ability".  Without waiving its objections, MetLife admits that it received a job description from Merrill Lynch and that said job description was considered in the evaluation of plaintiff's claim.

**Request No. 9**

Admit/deny that to perform Plaintiff's Merrill Lynch job, she was required to have the ability to sustain periods of intense focus/concentration.

**Response to No. 9**

MetLife objects to this request as vague and ambiguous.  It is unclear what is meant by "ability to sustain periods of intense focus/concentration."  Without waiving its

objections, MetLife admits that it received a job description from Merrill Lynch and that said job description was considered in the evaluation of plaintiff's claim.

**Request No. 10**

Admit/deny that to perform Plaintiff's Merrill Lynch job, she was required to have the ability to have a high level of mental alertness.

**Response to No. 10**

MetLife objects to this request as vague and ambiguous. It is unclear what is meant by "high level of mental alertness". Without waiving its objections, MetLife admits that it received a job description from Merrill Lynch and that said job description was considered in the evaluation of plaintiff's claim.

**Request No. 11**

Admit/deny that to perform Plaintiff's Merrill Lynch job, she was required to have the ability to handle a high level of stress/pressure.

**Response to No. 11**

MetLife objects to this request as vague and ambiguous. It is unclear what is meant by "high level of stress/pressure". Without waiving its objections, MetLife admits that it received a job description from Merrill Lynch and that said job description was considered in the evaluation of plaintiff's claim.

**Request No. 12**

Admit/deny that to perform Plaintiff's Merrill Lynch job, she was required to work irregular hours.

**Response to No. 12**

MetLife objects to this request as vague and ambiguous. Without waiving its objections, MetLife admits that the job description submitted by Merrill Lynch states that "irregular hours" are part of plaintiff's job.

**Request No. 13**

Admit/deny that Plaintiff provided Defendant with an articulation of her symptoms and the manners in which her functionality was limited as a result of her symptoms.

**Response to No. 13**

Admit only that plaintiff submitted certain documentation in support of her disability claim. Deny otherwise.

**Request No. 14**

Admit/deny that Defendant did not credit any of Plaintiff's self reported symptoms.

**Response to No. 14**

Deny.

**Request No. 15**

Admit/deny that Plaintiff's award of Social Security Disability Benefits and her associated documentation was not considered by Defendant in reaching its claim determinations.

**Response to No. 15**

Deny.

**Request No. 16**

Admit/deny that the governing contract does not contain a provision requiring that a claimant provide "objective" proof in support of a claim.

**Response to No. 16**

MetLife objects to this request as vague and ambiguous. It is unclear what is meant by "governing contract". Without waiving its objections, MetLife admits that the word "objective" is not specifically used in the SPD in regards to what qualifies as satisfactory proof of disability.

**Request No. 17**

Admit/deny that fibromyalgia is a medical condition that lacks "objective" evidence in support of its diagnosis.

**Response to No. 17**

Deny.

**Request No. 18**

Admit/deny that Defendant never undertook a medical evaluation of how Plaintiff's fibromyalgia impacted her ability to focus or concentrate.

**Response to No. 18**

Deny. In addition to plaintiff's claim being reviewed by two Independent Physician Consultants, an Independent Medical Examination was also conducted. MetLife attempted to schedule a Functional Capacity Exam, but plaintiff refused to submit to the exam.

**Request No. 19**

Admit/deny that Defendant never undertook a medical evaluation of how Plaintiff's fibromyalgia impacted her ability to maintain a high level of mental alertness.

**Response to No. 19**

Deny. In addition to plaintiff's claim being reviewed by two Independent Physician Consultants, an Independent Medical Examination was also conducted.

MetLife attempted to schedule a Functional Capacity Exam, but plaintiff refused to submit to the exam.

**Request No. 20**

Admit/deny that where a claimant suffers from both a mental condition and a physical condition, the 24 month limitation for payment of benefits would not be applied by Defendant.

**Response to No. 20**

MetLife objects to this request as vague, overbroad and irrelevant.

**Request No. 21**

Admit/deny that Laura Sullivan testified on behalf of Defendant as a Rule 30(b)(6) witness in the action entitled Mark J. Schwartz v. Metropolitan Life Ins. Co., CV 01-2075 in the U.S.D.C., D. Arizona.

**Response to No. 21**

MetLife objects to this request on the grounds that it is irrelevant and not likely to lead to admissible evidence under ERISA. Without waiving its objections, MetLife admits.

**Request No. 22**

Admit/deny that Dr. Timothy Shen diagnosed Plaintiff with fibromyalgia.

**Response to No. 22**

Admit only that Dr. Shen stated that, under the criteria of the American College of Rheumatologists, plaintiff would fit the diagnosis of fibromyalgia syndrome. Deny that the diagnosis of a disease equates to disability as defined by the Plan.

**Request No. 23**

Admit/deny that Dr. Shen opined that he did not believe that Plaintiff's mental condition was the only limiting factor in her disability.

8

**Response to No. 23**

Deny that  Dr. Shen stated that plaintiff was disabled from her job as a result of either a physical or mental condition.

**Request No. 24**

Admit/deny that Tracey Schmidt, M.D. reviewed at least some of Plaintiff's medical records on behalf of Defendant.

**Response to No. 24**

Admit.

**Request No. 25**

Admit/deny that Tracey Schmidt, M.D. was/is an on site medical consultant for Defendant.

**Response to No. 25**

MetLife objects to this request on the grounds that it is irrelevant, vague and ambiguous.  It is unclear what is meant by "on-site medical consultant for Defendant." Without waiving its objections, to the extent a response is required, MetLife denies.  Dr. Schmidt is an independent consultant who reviewed plaintiff's claim at a MetLife office.

**Request No. 26**

Admit/deny that Amy Hopkins, M.D. reviewed at least some of Plaintiff's medical records on behalf of Defendant.

**Response to No. 26**

Admit.

**Request No. 25(a)**

Admit/deny that Amy Hopkins, M.D. was/is an on site medical consultant for Defendant.

**Response to No. 25(a)**

MetLife objects to this request on the grounds that it is irrelevant, vague and ambiguous.  It is unclear what is meant by "on-site medical consultant for Defendant." Without waiving its objections, to the extent a response is required, MetLife denies.  Dr. Hopkins is an independent consultant who reviewed plaintiff's claim at a MetLife office.

**Request No. 26(a)**

Admit/deny that Merrill Lynch did not participate as a decision-maker in the decision on Plaintiff's claim for disability benefits to apply the 24 month limitation for mental and nervous claims.

**Response to No. 26(a)**

Admit.

**Request No. 27**

Admit/deny that Amy Hopkins, M.D. has performed more than 1500 medical reviews for Defendant.

**Response to No. 27**

MetLife objects to this request as irrelevant, overbroad and vague.  Without waiving its objections, to the extent an answer is required, MetLife admits.

**Request No. 28**

Admit/deny that Amy Hopkins, M.D. has performed more than 1000 medical reviews for Defendant.

**Response to No. 28**

See Response to No. 27 above.

**Request No. 29**

Admit/deny that Amy Hopkins, M.D. has performed more than 750 medical reviews for Defendant.

10

**Response to No. 29**

    <u>See</u> Response to No. 27 above.

**Request No. 30**

    Admit/deny that Tracey Schmidt, M.D. has performed more than 1500 medical reviews for Defendant.

**Response to No. 30**

    MetLife objects to this request as irrelevant, overbroad and vague.  Without waiving its objections, to the extent an answer is required, MetLife admits.

**Request No. 31**

    Admit/deny that Tracey Schmidt, M.D. has performed more than 1000 medical reviews for Defendant.

**Response to No. 31**

    <u>See</u> Response to No. 30 above.

**Request No. 32**

    Admit/deny that Tracey Schmidt, M.D. has performed more than 750 medical reviews for Defendant.

**Response to No. 32**

    <u>See</u> Response to No. 30 above.

Dated:     New York, New York
               March 23, 2007

                                 Respectfully submitted,

                                 LESTER SCHWAB KATZ & DWYER, LLP

                                 _____

                                 Allan M. Marcus (AM-9027)
                                 120 Broadway
                                 New York, New York  10271
                                 (212)  964-6611
                                 Attorneys for Defendant
                                 Metropolitan Life Insurance Company

TO:

Jason A. Newfield (JN-5529)
Frankel & Newfield, P.C.
585 Stewart Avenue
Suite 301
Garden City, New York 11530
(516) 222-1600
Attorney for Plaintiff
Melinda Asuncion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
MELINDA ASUNCION,

                            Plaintiff,

           -against-

METROPOLITAN LIFE INSURANCE
COMPANY,

                       Defendant.
---------------------------------------------------------------------x

**No. 06-CV-13144 (SAS)**

## DEFENDANT'S RESPONSES TO REQUEST FOR ADMISSIONS

LESTER SCHWAB KATZ & DWYER, LLP

ATTORNEYS FOR    **Defendant**
                             **METROPOLITAN LIFE INSURANCE
                             COMPANY**

120 BROADWAY
NEW YORK, N.Y. 10271-0071
(212) 964-6611
FAX: (212) 267-5916

**Jason Newfield**

| | |
|---|---|
| **From:** | Allan Marcus (x241) [AMARCUS@LSKDNYLAW.com] |
| **Sent:** | Friday, March 23, 2007 4:45 PM |
| **To:** | Jason Newfield |
| **Subject:** | Asuncion_-_Defendant_s_Response_to_Request_for_Admissions.DOC |
| **Attachments:** | #858488-v1-DOCS-Asuncion_-_Defendant_s_Response_to_Request_for_Admissions.DOC |

Jason: Attached is MetLife's Responses to Request for Admissions.  -- Allan

**************************************************
Lester Schwab Katz & Dwyer, LLP
http://www.lskdnylaw.com

New York:   (212) 964-6611
New Jersey: (973) 912-9501

ATTORNEY-CLIENT PRIVILEGED; DO NOT FORWARD WITHOUT PERMISSION.

The information contained in this transmission is privileged and
confidential. It is intended only for the use of the individual
or entity named above.  If the reader of this message is not the
intended recipient, you are hereby notified that any dissemination,
distribution or copy of this communication is strictly prohibited.
If you have received this communication in error, please notify
us immediately by telephone or by email to contactinfo@lskdnylaw.com or by replying to this email and
delete all copies of this message and all attachments.

* * * * * * * * * *
Scanned by POSTINI