IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| BARBARA COSGROVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.: |
| RAYTHEON COMPANY LONG TERM | ) | |
| DISABILITY PLAN, RAYTHEON | ) | 5:06-CV-2107-VEH |
| COMPANY, as Plan Administrator for the | ) | |
| Raytheon Company Long Term Disability | ) | |
| Plan, and METROPOLITAN LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Metropolitan Life Insurance Company ("MetLife" or "Defendant") responds and objects as follows to Plaintiff's First Set of Interrogatories to Defendant.

## GENERAL OBJECTIONS

1.     Defendant objects to each Interrogatory to the extent that it may be interpreted to seek information prepared in anticipation of litigation pursuant to Fed. R. Civ. P. 26 or information protected by the attorney-client privilege or the "work product" doctrine. Defendant will provide a privilege log if privileged information exists that pre-date the filing of this lawsuit.

2.     These answers made by Defendant are subject to, and without in any way waiving, or intending to waive any of the following:

a.     The confidentiality of the answers produced;

1:1572964.1

b.    All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any of the documents (if any) referred to or answers given, or the subject matter thereof, in any subsequent proceeding in or at the trial of this action or any other action;

c.    The right to object to other discovery procedures involving or relating to the subject matter of the interrogatories herein responded to; and

d.    The right at any time to revise, correct, or clarify any of the answers set forth herein.

3.    Defendant objects to producing any confidential information except pursuant to a protective order prohibiting its use in any manner other than this litigation.

4.    Defendant objects to each interrogatory on the grounds that the Court's review of the denial of Plaintiff's claim for long term disability benefits under the arbitrary and capricious standard of review is limited in scope to the documents contained in the administrative record. As a result, information outside the administrative record, and interrogatories seeking such information, are not relevant or admissible and is outside the scope of permissible discovery. *See Jett v. Blue Cross/Blue Shield of Alabama,* 890 F.2d 1137 (11th Cir. 1989); *Paramour v. Delta Air Lines, Inc.,* 129 F.3d 1446 (11th Cir. 1997); *Dice v. Salaried Employees Pension Plan of Allied Corp.,* 15 F.3d 163 (11th Cir. 1994); *Harris v. Pullman Standard, Inc.,* 809 F.2d 1495 (11th Cir. 1987). Under the arbitrary and capricious standard of review, discovery is limited to the administrative record. *See Buckley v. Metropolitan Life Ins. Co.,* 115 F.3d 936, 941-42 (11th Cir. 1997); *Payne v. Ryder System, Inc. Long Term Disability Plan,* 173 F.R.D. 537 (M.D. Fla. 1997).

5.    Defendant objects to the instructions and the definitions contained in these discovery requests to the extent that they purport to expand, enlarge or alter its obligations under the applicable Federal Rules of Civil Procedure.

Subject to and without waiving any of the general objections set forth above, Defendant responds to Plaintiff's First Set of Interrogatories as follows:

## INTERROGATORIES

### INTERROGATORY NO. 1:

For each of the physicians who evaluated Plaintiff's claim for benefits, or examined her medical records, or otherwise provided an opinion at the request of MetLife in this case, (specifically, but not limited to, Dr. Janet L. Collins, Dr. Margaret O'Conner, Dr. Babbi Winegarden, and Dr. Jeffrey Kahn), please state whether said physician was an employee of MetLife, or a related or affiliated company, or, if the physician was not an employee of MetLife, or a related or affiliated company please state the employer of each physician at the time the physician performed the review contained in the ERISA administrative record in this case.

### RESPONSE:

MetLife objects to this interrogatory as vague and ambiguous, as overly broad and unduly burdensome, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the general and these specific objections, Dr. Janet L. Collins, Dr. Margaret O'Conner, Dr. Babbi Winegarden and Dr. Jeffrey Kahn were not and are not employed by MetLife. Dr. Jeffrey Kahn and Dr. Janet L. Collins were independent contractors retained by MetLife as independent physician consultants to perform independent medical reviews. Dr. Margaret O'Conner and Dr. Babbi Winegarden were independent contractors retained by NMR, a vendor network provider with which MetLife contracted to perform

independent medical reviews. MetLife is without information or knowledge on the employment of any of these four physicians other than to state that they are independent contractors of either MetLife or NMR as noted above.

INTERROGATORY NO. 2:

For each of the physicians who reviewed the Plaintiff's claim, specifically, but not limited to, Dr. Janet L. Collins, Dr. Margaret O'Conner, Dr. Babbi Winegarden, and Dr. Jeffrey Kahn, if each physician was an employee of MetLife, please describe the dates of employment by MetLife or an affiliated company.

RESPONSE:

*See* Objections and Response to Interrogatory No. 1.

INTERROGATORY NO. 3:

For each of the physicians who reviewed the Plaintiff's claim, specifically, but not limited to, Dr. Janet L. Collins, Dr. Margaret O'Conner, Dr. Babbi Winegarden, and Dr. Jeffrey Kahn, please identify the manner (i.e., salary, hourly fee, per file fee) in which they were paid, and the amount, for their reviews of Plaintiff's file, and whether their reviews were obtained directly by MetLife or obtained through a medical consulting firm such as (but not limited to) NMR or Elite Physicians.

RESPONSE:

MetLife objects to this interrogatory as vague and ambiguous, as overly broad and unduly burdensome, and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the general and these specific objections, MetLife states that Dr.

Kahn and Dr. Collins were independent contractors retained by MetLife as independent physician consultants to perform independent medical reviews and were paid an hourly fee. For information with respect to the annual payments received by Dr. Kahn and Dr. Collins from MetLife for the years 2002 through 2006, *see* response to Interrogatory No. 4. MetLife is without information or knowledge as to how Dr. O'Conner and Dr. Winegarden are paid because, as noted in response to Interrogatory No. 1, they were independent contractors retained by NMR, a vendor network provider with which MetLife contracted to perform independent medical reviews.

INTERROGATORY NO. 4:

For each of the physicians who reviewed the Plaintiff's claim, specifically, but not limited to, Dr. Janet L. Collins, Dr. Margaret O'Conner, Dr. Babbi Winegarden, and Dr. Jeffrey Kahn, please identify the number of files each doctor reviewed for MetLife, its affiliates, or subsidiaries, in 2002, 2003, 2004, 2005, and 2006, and the total amount MetLife paid for their services in those years, whether their reviews were obtained directly by MetLife or through a medical consulting firm.

RESPONSE:

MetLife objects to this interrogatory as vague and ambiguous, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. MetLife further objects to Interrogatory No. 4 to the extent it seeks information from 2002-2006, or information on claims reviewed outside of the Plan at issue in this lawsuit as overly broad and unduly burdensome. Without waiving and subject to the general and specific objections, MetLife states that with respect to Dr. Kahn he has not performed any file reviews for MetLife since January 1,

2002. Dr. Collins reviewed 674 claims in 2002 and received $94,616.33; 219 claims in 2003 and received $36,457.50; 498 claims in 2004 and received $82,520.00; and 22 claims in 2005 and received $5,187.60. Dr. O'Connor and Dr. Winegarden were independent contractors retained by NMR, a vendor network provider with which MetLife contracted to perform independent medical reviews. Therefore, MetLife did not pay these physicians directly and is not aware of how much these physicians are paid.

INTERROGATORY NO. 5:

For each of the physicians who reviewed the Plaintiff's claim, specifically, but not limited to, Dr. Janet L. Collins, Dr. Margaret O'Conner, Dr. Babbi Winegarden, and Dr. Jeffrey Kahn, if each physician was not an employee of MetLife, please state how many files were reviewed by the company that employed each physician in 2002, 2003, 2004, 2005, and 2006, the total amount paid by MetLife to the employer during those same years, and, the total number of files reviewed by each physician by year for 2002, 2003, 2004, 2005, and 2006, how much each physician was or is paid by MetLife, by year for 2002, 2003, 2004, 2005, and 2006, and how much each physician is paid per file for 2002, 2003, 2004, 2005, and 2006.

RESPONSE:

MetLife objects to this interrogatory as vague and ambiguous, as overly broad and unduly burdensome, and as not reasonably calculated to lead to the discovery of admissible evidence. MetLife further objects to Interrogatory No. 5 to the extent it seeks information from 2002-2006, or information on claims review outside of the Plan at issue in this lawsuit as overly broad and unduly burdensome. MetLife also objects to Interrogatory No. 5 to the extent it seeks information outside of MetLife's custody and control.

Without waiving its objections, MetLife states that Dr. O'Conner and Dr. Winegarden are independent contractors retained by NMR, not MetLife. *See* response to Interrogatory No. 1. Moreover, MetLife does not have information or knowledge about their employment, how they are paid by NMR, or the amount they are paid by NMR. To the extent Plaintiff is seeking information regarding the number of claim files MetLife has referred to NMR for a medical review by an independent physician consultant, as well as the total amounts MetLife has paid to NMR in various years, MetLife states as follows: in 2002, 286 claims were referred and MetLife paid NMR $174,485; in 2003, 922 claims were referred and MetLife paid NMR $568,305; in 2004, 1,500 claims were referred and MetLife paid NMR $934,690; in 2005, 3,209 claims were referred and MetLife paid NMR $2,063,890; and in 2006, 4,441 claims were referred and MetLife paid NMR $2,780,795. For information on Dr. Kahn and Dr. Collins, *see* response to Interrogatory No. 4.

As to objections,

*[signature]*

James S. "Chris" Christie, Jr.
Stacey T. Bradford
BRADLEY ARANT ROSE & WHITE LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Phone: (205) 521-8000
Fax: (205) 521-8800

Attorneys for Defendants Raytheon Company
Long Term Disability Plan, Raytheon Company,
And Metropolitan Life Insurance Company

<u>VERIFICATION</u>

STATE OF NEW YORK          )
                                    :
ONEIDA COUNTY            )

Francis R. Anderson, being duly sworn, deposes and says:

1) I am a Litigation & Appeals Analyst for Metropolitan Life Insurance Company.

2) I certify that I have read the foregoing Responses to Plaintiff's First Set of Interrogatories and know the contents thereof.

3) On behalf of defendants, I further certify that the information contained therein is true to the best of my knowledge, information and belief.

                                               Francis R. Anderson

Before me, a notary public in and for said county in said state, personally appeared Francis R. Anderson, who, being by me first duly sworn, deposes and says on oath that he is Litigation & Appeals Analyst of Metropolitan Life Insurance Company, a New York corporation, the corporation named above, and as such is authorized to make this verification, that he has read the foregoing and is informed and believes and, upon the basis of such information and belief, avers that the facts alleged therein are true and correct.

Subscribed and sworn to before me this 24th day of May, 2007.

                                         Notary Public

[NOTARIAL SEAL]                  My commission expires:   4/23/2010

SUSANNE J. TUDI
Notary Public, State Of New York
Qualified In Oneida County
Commission Expires April 23, 2010
Reg. No. 4965439

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing on:

Eric L. Buchanan
Eric Buchanan & Associates, PLLC
414 McCallie Avenue
Chattanooga, TN 37402

Thomas O. Sinclair
Campbell, Waller & Poer, LLC
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this 24th day of May, 2007.

*Stacy I. Bradford*
OF COUNSEL